OPINION OF THE COURT
Felice K. Shea, J.
Plaintiff wife moves pursuant to section 240 of the Domestic Relations Law for increased support for the parties’ 25-year-old daughter. Defendant cross-moves to dismiss the motion for failure to state grounds for relief.
Husband and wife were divorced in New York in 1973. The judgment of divorce provides that the parties’ separation agreement dated April 28, 1972 be incorporated by reference and survive the decree. By the terms of the agreement, inter alia, defendant is to pay to plaintiff unallocated alimony and support for herself and the five children of the marriage. The support level is determined by a sliding scale, based on defendant’s earnings, and also provides for cost of living adjustments keyed to the Consumer Price Index. Support is reduced proportionately with the emancipation of each child.
The agreement contains special provisions concerning Reginá, the daughter who is the subject of this motion. Regina was 19 when the parties divorced. The parties agreed that Regina, who is brain damaged and mentally handicapped, would not be deemed emancipated until her death, or unless she lives in a publicly funded institution. Thus plaintiff’s support would not be reduced when Regina became 21. The agreement also contained a provision which addressed itself to support for Regina should her medical condition deteriorate. Plaintiff was to pay the first $5,000 per year of all increased expenses for Regina; defendant and plaintiff would share equally any additional expenses in excess of $5,000.
Plaintiff now brings this motion for upward modification of child support to be paid by defendant for Regina. She claims that the agreement was unfair when made, and that an unanticipated change in circumstances, coupled with defendant’s significantly increased earnings, dictates an increase.
Defendant argues that he has fully discharged his obligations under the separation agreement (a fact not disputed by *81 plaintiff) and that this court has no authority to require an increase in support for Regina. Defendant contends that a parent is not obligated under the laws of New York to support a handicapped child beyond her majority, and that this court may, not enlarge the contractual obligation which he has voluntarily undertaken.
Plaintiff contends that Regina’s condition has deteriorated since the entry of the judgment of divorce. She has been placed in a sheltered living environment sponsored by the Bronx Developmental Services Program. According to plaintiff, it will cost $17,330 per year to sustain Regina at a middle class standard of living. Plaintiff now receives $55,500 per year, unallocated, from defendant. She claims that the maximum available for Regina under the terms of the separation agreement is $9,750. This is inadequate to meet the costs of the program, and plaintiff asks the court to direct defendant to pay the difference.
The court has carefully considered all of plaintiff’s arguments in support of an upward modification and finds that they are legally insufficient. In New York, absent a contract, parents are not obligated to support their children, postmajority. (Domestic Relations Law, § 31, subd 3; § 32; Family Ct Act, § 415.) Parents are specifically relieved of the responsibility of supporting adult handicapped children. (L 1966, ch 256, amdg Family Ct Act, § 415; Mental Hygiene Law, § 43.03; Domestic Relations Law, § 31, subd 3.)
In support of her motion, plaintiff explores at great length the court’s ability to impose, modify, and increase the duty of a husband-father to support his children. The authorities cited involve the support of minor children and are not controlling here. Defendant’s obligation is based not on statute, but on contract alone. Although the court may enforce such an obligation, it is without authority to alter it. (See Vranick v Vranick, 41 AD2d 663.)
Plaintiff has urged the court to apply the doctrine of "exceptional circumstances” as a predicate for upward modification in this case. Plaintiff relies on Halsted v Halsted (228 App Div 298) which was decided before the present statutory scheme of support of dependents went into effect. Plaintiff has not pointed to any case where the doctrine has been applied to impose a duty to support a handicapped child, postmajority. Plaintiff’s reliance on Natalie M. v Philip M. (90 Misc 2d 974) is similarly misplaced. In that case, the husband-father signed *82 a separation agreement subsequently incorporated in a divorce decree, obligating himself to support his handicapped child beyond majority. The father then petitioned for a downward modification. The court refused to release the father from his contractual obligation. There is a patent difference between enforcing a support obligation voluntarily incurred, and imposing a new and greater obligation.
Plaintiff also requests the court to consider Boden v Boden (42 NY2d 210) as a basis for upward modification. The court is constrained to find that Boden, were it to apply to this case, would not change the result. In Boden, the Court of Appeals set forth a two-pronged test governing applications for increases in child support obligations (p 213): The moving party must show (1) that the agreement was unfair and inequitable when made or, (2) that even though fair when made, there has been an "unanticipated and unreasonable change in circumstances”, and "a concomitant showing of need”. Plaintiff has not met either test. Here, plaintiff and defendant were represented by competent independent counsel through an extensive negotiation period. Substantial and detailed provisions were made for plaintiff and the children. No claim of fraud or overreaching has been made. Plaintiff challenges only that part of the agreement which applies to Regina.
As to the second test, the face of the agreement belies plaintiff’s contention that Regina’s alleged deterioration was unanticipated or unforeseen. The possibility of deterioration was specifically provided for in the agreement, as well as the method of sharing the costs of such an occurrence. Increases in defendant’s income were expressly addressed in the agreement. Even if plaintiff could demonstrate that Regina’s needs have increased (which is disputed by defendant), she could not show under Boden that she is entitled to an upward modification.
The motion is denied and the cross motion is granted.
[Portions of opinion omitted for purposes of publication.]