■ COLUMBIA ASPHALT CORP. et al., Respondents, v CITY OF NEW YORK et al., Appellants.—Order, Supreme Court, New York County, entered June 27, 1978, which on a motion for reargument modified a previous order denying plaintiffs' motion for a preliminary injunction in all respects and granted a preliminary injunction to the extent of enjoining defendants from withholding payment on current contracts not involved in the litigation on condition that plaintiffs amend their complaint to refer to such contracts, unanimously modified, on the law and in the exercise of discretion, without costs or disbursement to vacate the injunction, and otherwise affirmed. Plaintiffs are construction firms which entered into 12 contracts with the City of New York for the performance of sidewalk paving. It is not disputed that a condition of "spalling" thereafter developed whereby the undersurface of the sidewalks became exposed. The parties disagree as to whether the conditions were caused, as plaintiffs claim, by faulty concrete specifications, or whether they resulted, as contended by the city, by poor workmanship and the use of defective materials. New York City requested the plaintiffs to repair the sidewalks and plaintiffs refused to do so. Thereafter, the city indicated that it would withhold final payments under the contracts, would hire others to make the necessary repairs, and would refuse to disburse final payments and/or retained moneys under other, unrelated contracts between the same parties to cover the cost of repairs. In this action plaintiffs seek declaratory relief adjudging that they are not obligated under the contracts to repair the spalled sidewalks and are entitled to final payments or retained moneys allegedly due thereunder. In addition, plaintiffs moved for injunctive relief, *pendente lite,* to restrain appellants from hiring others to repair the defective sidewalks as well as an order directing disbursements to them of final payments and retained moneys under the unrelated contracts. By order dated June 26, 1978, the court at Special Term denied the injunctive relief in all respects, concluding that it was not possible to determine on the papers the responsibility for the defects and repair work. Thereafter, on a motion for reargument, the court modified the original order to the extent of enjoining the city from withholding payments on current contracts not involved in the litigation on condition that there be served an amended complaint containing a reference to such contracts. We believe the injunction was improvidently issued. The record does not establish that injunctive relief was necessary to avoid irreparable injury. (See *Kane v Walsh,* 295 NY 198; *Shelbourne Beach Club v Hellman,* 49 AD2d 741.) The plaintiffs have an obvious and adequate remedy in an action for damages to recover the moneys allegedly withheld from them under the unrelated contracts. Concur—Murphy, P. J., Lupiano, Fein, Sandler and Sullivan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREL SMITH, Appellant.—Judgment, Supreme Court, Bronx County, rendered June 14, 1977, convicting defendant after jury trial of robbery, first degree, and sentencing him to an indeterminate term of imprisonment of 5 to 15 years, unanimously modified, as a matter of discretion in the interest of justice, to reduce the sentence by substituting for that imposed by the Trial Justice an indeterminate term not to exceed 10 years, and otherwise affirmed. The sentence was excessive to the extent indicated. Concur— Murphy, P. J., Lupiano, Fein and Sandler, JJ.