## (March 6, 1979)

■ BEVERLY JACOBSON, Appellant, v JULIUS H. JACOBSON, Respondent, and REGINA JACOBSON, Appellant.—Order, Supreme Court, New York County, entered on October 10, 1978, unanimously affirmed, without costs and without disbursements. Application by respondent for permission to submit a Social Security Administration ruling is denied. No opinion. Concur—Murphy, P. J., Kupferman, Birns, Fein and Lupiano, JJ.

■ ROBERT J. MILICH et al., as Executors of LESTER J. MILICH, Deceased, Appellants, v SCHENLEY INDUSTRIES, INC., Respondent.—Judgment, Supreme Court, New York County, entered on February 27, 1978, unanimously affirmed, without costs and without disbursements, for the reasons stated by Korn, J., at Special Term. Concur—Murphy, P. J., Kupferman, Birns, Fein and Lupiano, JJ.

Kupferman, J., affirms on constraint of *Milich v Schenley Inds.* (42 NY2d 952, affg 54 AD2d 659).

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY SHERROD, Appellant.—Judgment, Supreme Court, Bronx County, rendered June 14, 1977, convicting defendant of robbery, first degree, and sentencing him to an indeterminate term of 6 to 18 years' imprisonment, unanimously modified, as a matter of discretion in the interest of justice, to reduce the sentence to an indeterminate term of 4 to 12 years, and otherwise affirmed. We note the recent reduction in sentence secured by a codefendant *(People v Smith,* 67 AD2d 607). Giving effect to differences in background, we find appellant Sherrod's sentence excessive to the extent indicated. Concur—Murphy, P. J., Kupferman, Sandler, Lane and Lynch, JJ.

■ STANFORD A. CHALSON, Appellant, v JOAN CHALSON, Respondent.—Appeal from order, Supreme Court, Bronx County, entered June 8, 1978, held in abeyance and the matter remanded to Special Term, Supreme Court, Bronx County, for proceedings as hereinafter set forth. The Special Term, without stating reasons therefor, disaffirmed the report of the Special Referee, which had recommended against a finding of contempt, and adjudged appellant in contempt. After the report had come in, a request was made that the amount due for arrears be "expanded" to bring it up to date; the court did so, but did not set forth how the original amount of arrearage rose, in what appears to have been a brief time, from $1,700 to $8,400. Nothing is found in the file to answer either question. The remand is for the purpose of having Special Term supply these deficiencies. Concur—Murphy, P. J., Markewich, Silverman, Lynch and Yesawich, JJ.