FOURTH DEPARTMENT, NOVEMBER, 1979

(November 16, 1979)

(REVISED MEMORANDUM)

RUTH C. LA SCALA, Respondent, v ANTHONY N. LA SCALA, Appellant. —Order unanimously modified and, as modified, affirmed, without costs. Memorandum: On this appeal respondent contends that Family Court's upward modification of his alimony and child support obligations was not justified by sufficient showing of an unanticipated change in circumstances. When petitioner and respondent were divorced in 1974, the decree incorporated and provided for survival of a separation agreement in which respondent agreed to pay petitioner $30 per week alimony and $70 a week child support for their four children, aged 7, 9, 12 and 13. The agreement also provided that respondent maintain hospitalization insurance for the children, pay extraordinary medical and dental expenses of the children and pay real estate taxes on the marital home of which petitioner retained

possession. In July, 1977 petitioner petitioned Family Court for an upward modification of alimony and support. On December 8, 1977, when respondent, due to a misunderstanding with his attorney, failed to appear for a hearing on the petition, Family Court granted petitioner a temporary order increasing respondent's alimony and support payments from $100 to $225 per week. A hearing was held on January 11, 1978 and on April 6, 1978, Family Court vacated the temporary order and granted an order increasing respondent's alimony obligation to $45 per week, and his support payments to $180 per week. The order further provided that respondent pay $1,000 in attorney's fees and that a money judgment in the sum of $1,125 be entered against respondent representing arrears as of January 11, 1978 on the temporary order of December 8, 1977. Where the separation agreement survives the divorce decree, the provisions for alimony may only be increased upon a showing that the wife is unable to support herself and is in danger of becoming a public charge (*McMains v McMains,* 15 NY2d 283; *Smith v Smith,* 43 AD2d 784). Provisions for child support, however, may be modified upon a showing of an unforeseen change in the circumstances of the children and an increase in the father's ability to pay (*Matter of Boden v Boden,* 42 NY2d 210). In addition more than increased expenses due to inflation and growing children must be shown to warrant such upward modification, and the parties' present circumstances must be compared with their circumstances at the time of entering into the separation agreement (*Riposo v Riposo,* 60 AD2d 790). Inasmuch as there was no showing that petitioner was destitute and in danger of becoming a public charge, Family Court's upward modification of her alimony was unwarranted. Further, Family Court's increase of the child support from $70 to $180 per week was excessive in light of the evidence. Family Court's conclusion that respondent has an increased ability to pay is amply supported by the record. Since his divorce in 1974, respondent has built an apparently successful business which generates considerable gross and net earnings. However, petitioner's proof of changed circumstances does not justify an increase in child support in the amount Family Court ordered. At the time of the separation agreement, petitioner was an unemployed student and was responsible for four children. Currently, the oldest child resides with respondent and petitioner has finished her bachelor's degree and two Masters' degrees. Petitioner's proof showed that the house needed repairs, that the costs of raising the children have increased, that the petitioner's mother does not help out with groceries and clothing to the extent she did at the time of the divorce, that she has incurred expenses of $990 for orthodontia for one child and that the remaining two children will also need orthodontia. Inasmuch as there was evidence of circumstances in addition to inflation and the increasing needs of the children, an increase in child support to $40 per week for each of the three children is warranted. Additionally, the children's orthodontia should be considered an extraordinary dental expense within the provisions of the separation agreement and divorce decree. Accordingly, the temporary order of December 8, 1977 and the first decretal paragraph of Family Court's April 6, 1978 order should be modified to provide that respondent pay $30 per week as alimony and $40 per week per child as child support, and the third decretal paragraph of the April 6, 1978 order which ordered the entry of judgment on arrears as of January 11, 1978 from the temporary order, should be modified accordingly. (Appeal from order of Erie County Family Court—modify support.) Present—Simons, J. P., Hancock, Jr., Schnepp, Doerr and Moule, JJ. (Decided Nov. 16, 1979; 72 AD2d 944.)