OPINION OF THE COURT
Gabrielli, J.
In this proceeding instituted in Family Court, petitioner seeks child support payments from respondent in amounts exceeding those provided in the parties’ separation agreement. Family Court granted the petition for upward modification, basing its award on the current needs of the children. The Appellate Division reversed and dismissed the petition, concluding that petitioner had not demonstrated that an increase in child support payments was warranted.
Petitioner and respondent were married in 1964. Two children were born of this marriage. Following marital difficulties, the parties entered into a separation agreement in 1975, which provided that custody would remain with the petitioner mother, and also provided for a declining sum of maintenance and support for petitioner and the children. In 1977, a judgment of divorce was granted based *137 upon the parties having lived separate and apart pursuant to the separation agreement for a period of one year or more (Domestic Relations Law, § 170, subd [6]). The judgment includes a direction that respondent pay certain amounts to petitioner for the support of herself and the children. The amounts specified in the judgment are the same as those agreed upon by the parties in their separation agreement. The judgment also provides that the separation agreement “shall survive and so not be merged” in the judgment, and that jurisdiction of the matter would be retained in Supreme Court, concurrently with Family Court, to enforce or modify the provisions of the judgment.
In 1978, petitioner remarried, and pursuant to the terms of the parties’ agreement (and the judgment of divorce), respondent’s support obligation was reduced to the sum of $3,000 a year for each child. Shortly thereafter, petitioner commenced the present proceeding in Family Court for an order modifying the judgment of divorce to increase the amount of child support payments. Petitioner alleged that a change in circumstances had occurred since entry of the divorce decree warranting an increase in child support, inasmuch as the children were older, their needs were greater, the amounts provided in the decree were inadequate and the financial means of respondent had increased. Petitioner sought modification of the decree in accordance with the children’s needs.
A hearing was held by Family Court, at which petitioner offered evidence regarding her present financial status, the children’s expenses and respondent’s current financial situation (although respondent had conceded his ability to pay any amount by which support was deemed inadequate). Both parties introduced evidence concerning the circumstances surrounding the negotiation and execution of their separation agreement, on the issue of whether it was fair and equitable when made.
Family Court, insofar as is here relevant, ordered respondent to pay increased child support in an amount which brought his total obligation to $5,200 a year for each child. This upward modification of child support was based on Family Court’s finding that the separation agreement, the basis for the existing level of child support, was not fair *138 and equitable when entered into, as it did not provide for a fair allocation of continuing responsibility, nor did it reflect a sense of providing for the future needs of the children. The court then proceeded to redetermine support based upon the current needs of the children.
The Appellate Division reversed (82 AD2d 803), finding that petitioner’s generalized claim of the children’s increased needs and her showing of a significant increase in respondent’s income did not warrant an increase in child support (citing Matter of Boden v Boden, 42 NY2d 210). That court also noted that while the evidence of overreaching by respondent in the execution of the separation agreement may have provided ground for equitable rescission of the agreement, Family Court may not order such rescission, as it lacks equity jurisdiction. There should be a reversal.
Recently, in Matter of Boden v Boden (supra), we considered the effect of a separation agreement on the parties’ efforts to readjust their child support obligations. While the parties to a separation agreement are, in the usual case, bound by its provisions regarding the allocation of the financial responsibility of supporting the children, there are circumstances under which a court may properly modify that stipulated allocation. Having due regard for the assumption that the children’s needs were adequately anticipated and provided for in the parties’ agreement, in Boden we held that the court may nevertheless modify the parties’ respective obligations where it is determined either that the agreement was not fair and equitable when entered into, or that an unanticipated and unreasonable change in circumstances has occurred, resulting in a concomitant need {id., at p 213).
We are cognizant of the broad reading given our decision in Boden by some lower courts (see, e.g., Jaslow v Jaslow, 75 AD2d 876, 878; La Scala v La Scala, 73 AD2d 1068, 1069; Matter of Sacco v Sacco, 69 AD2d 1004, 1005; Matter of Barylski u Barylski, 100 Misc 2d 784, 786; Jarvis v Jarvis, 99 Misc 2d 79, affd sub nom. Jacobson v Jacobson 68 AD2d 809; Matter of Boy v Gum, 95 Misc 2d 435, revd on other grounds sub nom. Matter of Boyce v Gumbiner 68 AD2d 862). Contrary to that broad view, however, the prin *139 ciples enunciated in Boden are not applicable in every case in which increased child support is sought in the face of a separation agreement. An examination of the facts in Boden makes obvious the circumstances to which that case applies. There, the separation agreement between the parents obligated the father to pay a monthly amount for the child’s support and to pay for the child’s college education in an amount and manner set forth in the agreement. When the child reached college age and decided to attend Yale University, the mother sought child support from the father in an amount exceeding that provided in their separation agreement. At the time of the proceeding, the mother was earning an annual salary of $45,000, while the father’s income was approximately $43,000 per year. In seeking increased child support from the father, the mother was not asserting the right of the child to be supported by the father, as the child’s needs could clearly have been met by either parent, given their respective financial situations. Rather, the mother was asserting her own interest in having the father contribute more to the financial burden of raising the child. Thus, the principles set forth in Boden apply only when the dispute is directed solely to readjusting the respective obligations of the parents to support their child (see, e.g., Schiffman v Schiffman, 79 AD2d 971, 972). Moreover, a proceeding of this nature is not properly brought in Family Court, because that court, lacking equity jurisdiction, is without power to set aside or modify the terms of the separation agreement (Kleila v Kleila, 50 NY2d 277, 282).
A different situation is presented, however, where it is the child’s right to receive adequate support that is being asserted. Here, Family Court’s power regarding child support derives from the Family Court Act. Section 461 of that act, insofar as it relates to this case,[1] provides that the *140 parents’ duty to support their child is not diminished by the existence of, inter alia, a separation agreement or judgment of divorce and, in the absence of an order of Supreme Court directing support, Family Court may make an order of support. If such an order of Supreme Court already exists, however, and Supreme Court has not retained exclusive jurisdiction in itself to enforce or modify its order,[2] Family Court is authorized to enforce the order or, on a finding that changed circumstances exist, to modify it.
Thus, the principles iterated in Boden did not alter the scope of Family Court’s power to order support where the dispute concerns the child’s right to receive adequate support. In the present case, because a pre-existing Supreme Court order directs child support payments and grants concurrent jurisdiction in Family Court to enforce or modify the order, Family Court could properly order an increase in the child support award if petitioner has demonstrated a change of circumstances (Family Ct Act, § 461, subd [b]) warranting such an upward modification. Petitioner introduced evidence tending to show, among other things, that the combination of her own income and the payments contributed by respondent does not adequately meet the children’s needs. Specific items of expense have been detailed, as well as petitioner’s and respondent’s respective financial situations.
Whether the evidence adduced by the parties shows a change of circumstances sufficient for Family Court to *141 order a modification is a question best left to the discretion of the lower courts, whose primary goal is, of course, to make a determination based upon the best interests of the children (Matter of Di Pillo v Di Pillo, 59 AD2d 927). Considering both the circumstances as they existed at the time of the prior award and at the time the application is made several factors may, in a proper case, enter into the determination, including the increased needs of the children due to special circumstances or to the additional activities of growing children (Ward v Ward, 79 AD2d 683), the increased cost of living insofar as it results in greater expenses for the children (Matter of Covington v Clavin, 70 AD2d 592), a loss of income or assets by a parent or a substantial improvement in the financial condition of a parent (Matter of Goldberg v Aylward, 72 AD2d 510; Matter of Delli Veneri v Delli Veneri, 40 AD2d 735), and the current and prior life-styles of the children. Consideration of such factors in a given case may lead to the determination that the children’s best interests require an upward modification of the child support award.
We do not interpret the Appellate Division’s reversal of Family Court’s order as having been made on the basis of the guidelines we set forth today. Accordingly, its order should be reversed, with costs, and the matter remitted to that court for further proceedings in accordance with this opinion.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur.
Order reversed, with costs, and matter remitted to the Appellate Division, Second Department, for further proceedings in accordance with the opinion herein.

. Subdivisions (a) and (b) of section 461 of the Family Court Act provide, in full, as follows:
“(a) A separation agreement, a decree of separation, and a final decree or judgment terminating a marriage relationship does not eliminate or diminish either parent’s duty to support a child of the marriage under section four hundred thirteen of this article. In the absence of an order of the supreme court or of another court of competent jurisdiction *140 requiring support of the child, the family court may entertain a petition and make an order for its support.
“(b) If an order of the supreme court or of another court of competent jurisdiction requires support of the child, the family court may
“(i) entertain an application to enforce the order requiring support; or
“(ii) entertain an application to modify such order on the ground that changed circumstances requires such modification, unless the order of the supreme court provides that the supreme court retains exclusive jurisdiction to enforce or modify the. order.”

. Under the provisions of section 466 of the Family Court Act, Supreme Court may, in an order or decree granting support or maintenance in an action for divorce, separation or annulment, grant exclusive jurisdiction in Family Court to enforce or modify Supreme Court’s order or decree (subd [a]), or it may retain exclusive jurisdiction for such purposes in Supreme Court (subd [b]). If Supreme Court does not expressly exercise this authority, Family Court may nevertheless entertain an application to enforce the order or decree, or to modify it, pursuant to subdivision (c) of this section.