■ ELSIE KARL, Respondent-Appellant, v RONALD W. KARL, Appellant-Respondent.—In a matrimonial action in which the parties were divorced by judgment entered February 23, 1972, (1) the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Brown, J.), entered November 21, 1985, as after a hearing, (a) denied his motion to modify the judgment of divorce to eliminate his obligation to pay alimony and the expenses of the marital home, and (b) granted that branch of the the plaintiff wife's cross motion which was to modify the child support provision in the judgment to include college expenses, and (2) the plaintiff wife cross-appeals, as limited by her brief, from so much of the same order as (a) reduced the husband's weekly child support payments, and (b) limited the husband's obligation for college expenses to $2,000 a year for each child.

Ordered that the order is affirmed insofar as appealed from and cross-appealed from, without costs or disbursements.

The husband sought an order pursuant to Domestic Relations Law § 248 terminating his obligation to pay alimony to the wife based on the claim that she was living with another man and holding herself out as his wife. We find that the

husband's application for this relief was properly denied. The parties were divorced in 1972, and the judgment of divorce incorporated terms of a stipulation which survived and was not merged in the judgment. In the stipulation, the husband agreed to pay alimony of $100 a week and the carrying charges on the marital home. No provision in the stipulation limited the wife's entitlement to these payments if she lived with another man. The husband has not attempted to impeach the agreement, and the court cannot alter this independently enforceable contract in order to include the provisions of Domestic Relations Law § 248 *(see, Kleila v Kleila,* 50 NY2d 277; *Leffler v Leffler,* 40 NY2d 1036). Even if Domestic Relations Law § 248 were applicable here, the evidence offered by the husband to establish that the wife held herself out as another man's wife fell short of that required under present case law *(see, e.g., Matter of Bliss v Bliss,* 66 NY2d 382; *Northrup v Northrup,* 43 NY2d 566).

The stipulation and the divorce judgment did not provide for either party to pay for their children's college expenses; therefore the court had the authority to increase the husband's child support obligation to include part of the cost of his sons' education *(see, Matter of Brescia v Fitts,* 56 NY2d 132; *cf., Matter of Boden v Boden,* 42 NY2d 210). The court's determination as to the amount of the husband's child support obligations based upon the special circumstances which it found to exist was amply supported by the evidence of each parent's financial circumstances which was presented at the hearing. Rubin, Kooper and Sullivan, JJ., concur.

Weinstein, J. P., concurs in part and dissents in part and votes to modify the order appealed from by deleting the provision thereof which denied the defendant husband's motion to modify the judgment of divorce to eliminate the defendant husband's obligation to pay alimony and expenses with respect to the marital residence and substituting therefor a provision granting that motion, with the following memorandum: It is my position that the majority's decision in the instant case fails to accord due recognition to contemporary social realities. A statutory loophole which allows an ex-wife to continue to collect support from her former husband notwithstanding the fact that she is living with another man as long as she simply avoids formalizing the relationship with a marriage ceremony does not, in my view, achieve a just result and is deserving of criticism *(Northrup v Northrup,* 43 NY2d 566, 572 [Wachtler, J., dissenting]).

While the Court of Appeals has acknowledged the language

of the Appellate Division, First Department, pertaining to Domestic Relations Law § 248 to the effect that "the construction of the statute compelled by the plain meaning of its language may, in some instances, 'convert the shield of the statute into a sword of inequity, dependent only upon the deftness with which a former spouse can parry assertions that her conduct in a protracted relationship is marital in substance' " *(Matter of Bliss v Bliss,* 66 NY2d 382, 389, *revg* 107 AD2d 394), it has nevertheless held that proof of cohabitation alone is insufficient to warrant a termination of support obligations pursuant to Domestic Relations Law § 248 *(Matter of Bliss v Bliss, supra,* at 388). Accordingly, it is necessary to demonstrate both cohabitation and some assertive conduct on the part of the former wife which amounts to a "holding out" that she is married to her male companion. I find the evidence adduced herein sufficient to satisfy the two-pronged requirement.

The plaintiff unequivocally conceded that she has resided with Harold Vincent since July 1980 and that they share the same bedroom. Significantly, at an Eagle Scout award ceremony in November 1982 at which the parties' son was being honored, Vincent permitted himself to be addressed as Mr. Karl and received congratulations on "his son's" accomplishment. Moreover, the plaintiff and Vincent traveled together approximately twice a year to visit the parties' daughter who was away at college. On those occasions, the plaintiff and Vincent shared a motel room. The defendant produced evidence establishing that the plaintiff and her male companion had registered at the Holiday Inn as Mr. and Mrs. Harold Vincent. In my view, the aforesaid circumstances give rise to a fair inference that the plaintiff held herself out as the wife of Harold Vincent.

The fact that the parties to the underlying action had entered into a stipulation which survived the judgment of divorce but was not merged therein and which contained no provision for the termination of the defendant's alimony obligation, should not be deemed to preclude the applicability of Domestic Relations Law § 248. The judgment of divorce dated February 23, 1972, specifically provided that the court "shall retain jurisdiction of this matter for the purpose of specifically enforcing such of the provisions of the stipulations as are capable of specific enforcement and/or making such further order with respect to alimony, support, custody and/or visitation". Rather than improperly altering the terms of an independently enforceable contract, recourse to Domestic Re-

lations Law § 248 would give meaning and effect to the aforesaid language of the judgment of divorce. The mere fact that the stipulation of settlement placed no qualifications whatsoever on the ex-wife's right to receive alimony does not entitle her to receive that award indefinitely irrespective of surrounding circumstances. Such a patently inequitable result should not meet with judicial approbation.

The case of *Leffler v Leffler* (40 NY2d 1036, *affg* 50 AD2d 93), in which the court declined to apply Domestic Relations Law § 248 to a separation agreement which provided that the ex-wife's alimony award would continue until she remarried, does not compel a result to the contrary. In the instant case, there was no such provision concerning the extension of the ex-wife's award. On the contrary, the court specifically reserved the right to make further orders with respect to alimony.

In conclusion, I find that the plaintiff's undisputed cohabitation with another man coupled with conduct from which it could reasonably be inferred that she held herself out as his wife warrant an order relieving the defendant of his obligations to make further alimony payments and to pay the expenses of the marital residence.

I concur with the majority's determination with respect to the modification of the defendant's weekly child support payments and the directive that he be required to pay the children's college expenses to the extent provided for in the order appealed from.