■ In the Matter of LENORE E. COMPARETTO, Respondent, v RICHARD PETERSON, Appellant.—In a proceeding pursuant to Family Court Act article 4 for an upward modification of the provisions of an order awarding child support, the father appeals from an order of the Family Court, Nassau County (Capilli, J.), entered July 1, 1987, which, *inter alia,* directed him to increase child support payments for his daughter from $50 per week to $75 per week.

Ordered that the order is reversed, on the law and as a matter of discretion in the interests of justice, and the petition for an upward modification of the father's child support obligations is dismissed, without costs or disbursements.

The parties were divorced in 1976. The judgment directed that the father pay child support in the sum of $25 per week, per child. According to the petition, this support obligation was increased to $50 per week for the parties' daughter by order of the Family Court dated May 24, 1986. The mother now requests that the father's support obligation be increased from $50 to $150 per week for the daughter.

We find that the Hearing Examiner was correct in finding that the father does not have the financial ability to pay $150 per week as support for the daughter. We also agree with the Hearing Examiner's conclusion that, after the first of two separate hearings, the mother had failed to establish a change in circumstances which would warrant an increase in the father's child support obligations (Family Ct Act § 461 [b] [ii]; *Matter of Brescia v Fitts,* 56 NY2d 132, 139-141; *Matter of Michaels v Michaels,* 56 NY2d 924, 926). Although the mother allegedly lost her entitlement to approximately $400 per month in public assistance, this came about as a result of her remarriage in 1986 to an individual whose gross annual income was approximately $37,500. Thus, there has not been an over-all decline in the financial resources of the mother and, moreover, there is no credible evidence that the needs of the parties' daughter have significantly increased.

We therefore conclude that it was an improvident exercise of the court's discretion to grant the application to increase the father's child support obligation. Mangano, J. P., Bracken, Spatt and Balletta, JJ., concur.