■ JOSEPHINE D. DEVENUTI, Respondent, v DENNIS A. DE-VENUTI, Appellant.—In a matrimonial action in which the parties were divorced by judgment dated December 23, 1983, the defendant former husband appeals from so much of an order of the Supreme Court, Nassau County (De Maro, J.), entered June 1, 1989, as, after a hearing, granted the plaintiff an increase in child support of $100 per week ($50 per week for each of the two youngest children), and ordered the defendant to contribute $2,250 toward the college education of the parties' eldest son.

Ordered that the order is affirmed insofar as appealed from, with costs.

On December 9, 1983, the parties entered into a stipulation of settlement in open court. Among the terms of the stipulation was a provision that the defendant pay the sum of $275 per week for "unallocated support" for the plaintiff and the four children. The sum of $275 was to be reduced by $50 when each child became emancipated and by $75 upon the plaintiff's remarriage. All support was to terminate when the last child was emancipated.

In *Matter of Brescia v Fitts* (56 NY2d 132), which involved a separation agreement which was not merged in the ensuing judgment of divorce, the Court of Appeals set forth the general rule that whether the evidence adduced by the parties shows a change of circumstances sufficient to warrant a modification is a question best left to the discretion of the trial court, whose primary goal is to make a determination based upon the best interests of the children. Accordingly, it is not necessary to demonstrate an unanticipated and unreasonable change in circumstances to justify an increase in child support *(see, Matter of Michaels v Michaels,* 56 NY2d 924, 926, *revg* 83 AD2d 841), but it is sufficient if a change in circumstances has occurred which warrants an increase in the best interests of the child *(see, Matter of Michaels v Michaels, supra).* Here, the record contains ample support for the trial court's determination.

Additionally, "[t]his court has recognized that in cases of special circumstances it is proper to require a parent to pay his child's college expenses" *(Antis v Antis,* 108 AD2d 889; *see also, Karl v Karl,* 138 AD2d 354; *Shapiro v Shapiro,* 116 Misc 2d 40). Here, both parents have college educations and master's degrees. Their eldest child has demonstrated that he has

the ability to benefit from a college education and his father has the financial means to pay the expenses. Therefore, the trial court properly ordered the defendant to contribute to his son's college education.

We have examined the defendant's other contentions and find them to be without merit. Bracken, J. P., Kooper, Harwood and Balletta, JJ., concur.