■ In the Matter of MARY E. RAGAZZO, Appellant, v JAMES R. MURRAY, Respondent.—In a support proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Suffolk County (Auperin, J.), dated August 10, 1989, which (1) granted the father's objections to an order of the same court (Silverman, H.E.), dated February 3, 1989, granting, after a hearing, her application for an upward modification of the child support award and directed the father to pay one half of the college expenses of the parties' oldest child, and (2) dismissed her petition for an upward modification of child support.

Ordered that the order dated August 10, 1989, is modified, on the law and the facts and as an exercise of discretion, by deleting the provision thereof which dismissed the petition and sustained the objections to so much of the order dated February 3, 1989, as upwardly modified the award of child support to $500 a month, and substituting therefor provisions reinstating the petition and overruling the objections to so much of the order dated February 3, 1989, as upwardly modified child support to $500 per month; as so modified, the order dated August 10, 1989, is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for a calculation of arrears due and owing and the manner of payment.

The parties were divorced in 1978 and have three children.

The judgment of divorce required the respondent father to pay child support totalling $180 per month. By mutual consent, this amount was increased to a total of $340 per month in 1987. The appellant mother commenced this proceeding in 1988 for a further upward modification of support. Following a hearing, the Hearing Examiner increased the father's child support obligation to a total of $500 per month, retroactive to the commencement of the proceeding, and directed him to pay one-half of the oldest child's college expenses as long as she attended a public institution. Upon the father's objections, the Family Court vacated the Hearing Examiner's order and dismissed the petition.

We find that the Family Court improvidently exercised its discretion in dismissing the petition. The mother was not required to demonstrate an unanticipated and unreasonable change in circumstances. It was sufficient to show a change of circumstances in light of such factors as the parties' financial conditions, the increased cost of living and the increased needs of the children (see, Matter of Brescia v Fitts, 56 NY2d 132; Matter of Michaels v Michaels, 56 NY2d 924). The evidence submitted at the hearing provided a sufficient factual basis for an upward modification of the father's child support obligation to $500 per month in the best interest of the children (see, Haimowitz v Gerber, 153 AD2d 879; Matter of Tibaldi v Otten, 111 AD2d 859).

However, we agree with the court that the record fails to support the Hearing Examiner's determination to require the father to pay one-half of the oldest child's college expenses. In the absence of a voluntary agreement between the parties regarding the financing of a minor child's college education, a parent may not be directed to contribute towards his or her child's college education unless special circumstances exist. One of the relevant factors in making such a determination is the parents' financial ability to provide the necessary funds (see, Romansoff v Romansoff, 167 AD2d 527). Considering evidence that the father was heavily burdened by debt and that his monthly child support obligation was increased, we find that the Family Court's determination that he need not contribute to the child's college expenses should be affirmed. Lawrence, J. P., Harwood, Rosenblatt and O'Brien, JJ., concur.