■ In the Matter of CAROL GILZINGER, Respondent, v ALLAN STERN, Appellant.—In a proceeding for the upward modification of an award of child support, the father appeals from an order of the Family Court, Suffolk County (Berler, J.), entered March 1, 1990, which denied his objections to an order of the same court (Barton, H.E.), dated October 3, 1989, which, after a hearing, increased his weekly child support obligation from

the sum of $75 to the sum of $197 per week, retroactive to August 5, 1988, and directed him to pay an additional $53 per week to satisfy arrears in the amount of $7,076.

Ordered that the order entered March 1, 1990, is affirmed, with costs.

Based upon a change in circumstances, the petitioner mother sought the upward modification of an award of child support set nine years previously. To support her petition, the mother cited increases in her expenses due to the child's growing needs and the cost of living, as well as significant improvements in the father's employment situation and earnings, all factors indicating a change in circumstances as set forth in the leading case of *Matter of Brescia v Fitts* (56 NY2d 132, 141). After hearing the witnesses and evaluating the evidence submitted, the Hearing Examiner determined that a change in circumstances warranting an increase in child support had, indeed, occurred.

Where the petitioner's purpose is not to reallocate the respective support obligations of the parties as enunciated in an agreement between them *(see, Matter of Boden v Boden,* 42 NY2d 210), but, as here, to provide adequate support for the child, the "change of circumstances" standard as enunciated in *Matter of Brescia v Fitts (supra)* is applicable. The petitioner has met her burden of establishing the change of circumstances warranting an increase in child support in the best interests of the child *(see, Matter of Brescia v Fitts, supra; Matter of Michaels v Michaels,* 56 NY2d 924, 926; *DeVenuti v DeVenuti,* 170 AD2d 573). By her testimony and financial disclosure affidavit, the mother offered unrefuted evidence of the *Brescia* factors supporting her petition and considered by the courts in substantiating increased awards (i.e., increased expenses and needs and the other spouse's ability to pay) *(see also, Matter of Ragazzo v Murray,* 175 AD2d 247; *DeVenuti v DeVenuti, supra; Hughes v Serviss,* 168 AD2d 541; *Matter of Bruhn v McCready,* 138 AD2d 374).

Because the mother provided adequate documentation of her additional expenses, and because the Hearing Examiner was in the best position to hear and evaluate the evidence as well as her credibility *(see, Creem v Creem,* 121 AD2d 676, 677; *Hendrey v Hendrey,* 110 AD2d 753), we decline to disturb the findings of fact *(see, Matter of La Blanc v La Blanc,* 96 AD2d 670).

We have examined the father's remaining contentions and find them lacking in merit. Balletta, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.