■ In the Matter of SHERRY BERG, Respondent, v MICHAEL O'LEARY, Appellant. [597 NYS2d 733] —In a proceeding for an upward modification of an award of child support, the father appeals from an order of the Family Court, Suffolk County (Auperin, J.), entered December 12, 1990, which denied his objections to an order of the same court (Silverman, H.E.), entered September 5, 1990, which, after a hearing, increased his weekly child support obligation from the sum of $25 to the sum of $150 per week for his daughter Shannon retroactive to August 18, 1989, and directed him to pay an additional $25 per week to satisfy arrears.

Ordered that the order entered December 12, 1990, is affirmed, with costs.

The parties were married in December 1972 and their union produced two children, Shannon, born June 9, 1973, and

Michael, born August 3, 1977. In September 1979 the parties entered into a separation agreement that provided, *inter alia,* that the mother would receive custody of the children, and that the father would pay weekly child support of $25 per child. In November 1979 a judgment of divorce was entered incorporating the provisions of the separation agreement which survived and did not merge in the judgment. In 1979 at the time of the divorce, the children were six and two years old, respectively. The father's gross earnings were approximately $16,800 per year. The mother was unemployed.

Alleging a change in circumstances and that the needs of both of the children were not met by the father's contribution to their support, the mother sought an upward modification of the child support set 10 years earlier. Subsequent to the filing of the mother's petition, the parties' son Michael moved to his father's residence.

In support of her petition which then sought increased child support for the parties' daughter Shannon, the mother testified to increased expenses due to Shannon's growing and different needs, the increased cost of living, as well as substantial improvements in the financial circumstances of the father, who was then earning in excess of $70,000 per year, factors justifying a finding of a change in circumstances as set forth in *Matter of Brescia v Fitts* (56 NY2d 132, 141) and *Matter of Michaels v Michaels* (56 NY2d 924). Based upon the testimony and the evidence, the Hearing Examiner determined that a change in circumstances had occurred warranting both an increase in the father's support obligation for their daughter, and an obligation on the part of the mother (now a noncustodial parent to the parties' son) to contribute to his support. Having found the requisite change in circumstances, the Hearing Examiner appropriately applied the Child Support Guidelines formula to both parties' support obligations *(see,* Family Ct Act § 413; *see, Matter of Miller v Davis,* 176 AD2d 945; *Matter of Fetherston v Fetherston,* 172 AD2d 831). Although the mother was unemployed at the time of the proceeding, the Hearing Examiner imputed income to her in the sum of $16,000, based upon her prior employment experience *(see, Carr v Carr,* 171 AD2d 776). The net effect of the application of the formula to the income of both parties resulted in an increased obligation on the part of the father for Shannon's support requiring him to pay $150 per week.

We see no reason to disturb the findings of fact made by the Hearing Examiner, who was in the best position to hear and evaluate the evidence as well as the credibility of the wit-

nesses *(see, Matter of Brescia v Fitts, supra; Matter of Gilzinger v Stern,* 186 AD2d 652; *Creem v Creem,* 121 AD2d 676, 677). The mother has met her burden of establishing the increased expenses and needs of the child and the other spouse's ability to pay, thereby justifying modification of the original support obligation *(see, Matter of Ragazzo v Murray,* 175 AD2d 247; *DeVenuti v DeVenuti,* 170 AD2d 573). Moreover, we find that the Child Support Guidelines, and the income computations made pursuant thereto, were correctly applied.

The dissenters correctly note that the marital residence was transferred to the mother at the time of the parties' separation. However, they failed to note that the father's equity was then only $9,000, and the house was in foreclosure. The conveyance of this property therefore fails to justify an inference that the mother accepted a low child support obligation intended to last through the children's majority regardless of any change in circumstances. More likely, the rationale of the initial child support obligation is the fact that the father was then earning only $16,800 per year and $25 per week support for each of the parties' two children then constituted about 16% of his gross income and probably appeared reasonable to the parties. (The $25 per week obligation for the parties' daughter Shannon at the time of these proceedings constitutes less than 2% of his annual income.)

Our dissenting colleagues would reverse the order appealed from due to the mother's failure to specify those precise expenses incurred by the parties' 17-year-old daughter which, under the facts of this case, were not met by the father's $25 per week support contribution and the mother's nonexistent income. Although the dissent attempts to trivialize the mother's case by referring to her "lament" that she would like to provide her daughter with more than three sweaters per year, this ignores the obvious fact that this growing child's needs simply cannot be met on a weekly contribution of $25. We are not required to don blinders to the uncontroverted circumstances underlying this case nor must a custodial parent itemize every single expense that cannot be met to prove her entitlement to an upward modification where the amount of support provided by the noncustodial parent is as paltry as that in the instant case and where that parent's fourfold increased income enables him or her to pay more adequate support. Although the Hearing Examiner may have overstated the quantum of proof the mother presented in establishing the child's increased needs, the disposition herein is adequately

supported by the record and the law. We are not precluded from drawing the sole reasonable inference from the record, to wit, that Shannon's needs were not being met with the de minimis support contribution from her father.

The result urged by the dissenters would disregard the direction of the Court of Appeals in *Matter of Brescia v Fitts (supra)* and *Matter of Michaels v Michaels (supra)*, to consider the best interest of children, and the circumstances of the case, including: "[T]he increased needs of the children due to special circumstances or to the additional activities of growing children, the increased cost of living insofar as it results in greater expenses for the children [and] a substantial improvement in the financial condition of a parent" *(Matter of Brescia v Fitts, supra,* at 141).

Moreover, reversal in this case would disregard entirely the clearly expressed legislative intent to address inadequacies and inconsistencies of both initial and modified child support awards expressed in the Family Support Act of 1988, and the Child Support Standards Act of 1989 *(see,* Pub L 100-485, 102 US Stat 2377; 42 USC § 602; Domestic Relations Law § 240 [1-b]; Family Ct Act § 413 [1] [c]). Rosenblatt, Miller and Santucci, JJ., concur.

Sullivan, J. P., dissents and votes to reverse the order appealed from, on the law, and to dismiss the mother's petition for an upward modification of child support, with the following memorandum, in which Ritter, J., concurs. Since our reading of the record on appeal does not support the bald conclusion of the majority that the mother has met her burden of proof, we dissent.

There is no dispute that the party moving to modify the child support obligations set forth in a separation agreement bears both the burden of coming forward and the burden of persuasion on the issue. The Court of Appeals has set forth two standards of proof in modification proceedings, and the question of which standard should be applied in a given case depends on the circumstances presented therein. In *Matter of Boden v Boden* (42 NY2d 210, 213), the Court stated the familiar principle that: "Unless there has been an unforeseen change in circumstances and a concomitant showing of need, an award for child support in excess of that provided for in the separation agreement should not be made based solely on an increase in cost where the agreement was fair and equitable when entered into".

A more relaxed "needs" standard subsequently was alluded

to in *Matter of Brescia v Fitts* (56 NY2d 132, 140) as follows: "Petitioner introduced evidence tending to show, among other things, that the combination of her own income and the payments contributed by respondent does not adequately meet the children's needs". The mother in this case has failed to meet her burden for an upward modification under either of the foregoing standards.

The record of the proceedings before the Hearing Examiner is rather sparse. At the time of the separation of the parties, the father conveyed his interest in the marital residence in Nesconset to the mother. Thereafter, the mother married Thomas Berg and they lived in the Nesconset house. In 1986 the Bergs sold this house for $118,000, from which they netted $87,000. The Bergs then bought a larger home in Miller Place for $135,000, utilizing the proceeds from this sale and a $23,000 inheritance of the mother.

The only financial evidence presented at the hearing consisted of a comparative statement prepared by the mother in which she claims that her weekly needs in 1979 were $262.07, while her weekly expenses in 1989 were $905.01. It is not clear how many people were involved in the family unit in 1979. However, in 1989, the Berg family consisted of six people, including children born to the mother and Thomas Berg. The mother testified that $57.39 of the 1979 weekly figure was allocable to Shannon, but she could not explain how she arrived at this figure. At no time did she ever allocate any specific portion of the 1989 expenses to Shannon. Hence, the mother's sole economic argument is that it cost more to raise Shannon in 1989 than in 1979 because of inflation and the fact that Shannon is growing up. These arguments have been expressly found inadequate to support upward modifications in child support in countless cases *(see, Brevetti v Brevetti,* 182 AD2d 606; *Matter of Bernstein v Goldman,* 180 AD2d 735; *May May Cheng v McManus,* 178 AD2d 906; *Labita v Labita,* 147 AD2d 535, 536; *Samuels v Venegas,* 126 AD2d 145; *Deacutis v Cuomo,* 79 AD2d 595). On the contrary, upward modifications have been approved in those situations where, unlike here, the movants set forth specific increased expenses *(see, Matter of Brescia v Fitts, supra; Zucker v Zucker,* 187 AD2d 507; *Matter of Miller v Davis,* 176 AD2d 945).

There is also no evidence in this record establishing that the mother has satisfied the *Brescia* standard (i.e., that she has demonstrated that Shannon's needs were not being met). The sole evidence presented on this matter is the mother's lament

that she would like to buy Shannon more than three sweaters a year. Such a gratuitous remark hardly establishes that Shannon's clothing needs are not being adequately addressed.

The majority opines that by referring to this bit of testimony, we are attempting to "trivialize the mother's case". To the contrary, we are not attempting to minimize or trivialize her case at all, we are setting forth the *entire* case presented by the mother as to any unmet needs of Shannon. It simply is inadequate under the standards established in a long series of decisions. The burden of proof on a parent seeking an upward modification of child support is not onerous, but it does exist and it must be met. In no prior case has it ever been held that a certain sum is inadequate child support as a matter of law without any factual support.

The paucity of evidence on this issue may well be attributable to the Hearing Examiner's incorrect view of the law in this area. Indeed, at one point in the hearing, the Hearing Examiner erroneously opined that the mother did not have to show any change in circumstances between 1979 and 1990 because "it is a given that there has been a change on the part of the child and that is sufficient under *Matter of Michaels v Michaels* (56 NY2d 924)". He further stated that the legislative findings of the Child Support Standards Act (L 1989, ch 567) have overruled all of the established decisional law in this area, so that if a prior award of child support is below that which would be required under the Child Support Guidelines, that discrepancy alone is proof of a change of circumstances. In short, the modification of support in this case is founded upon the erroneous assumption that all previous awards less than those called for by the Guidelines must be modified to reflect the Guideline amount. However, this bootstrapping approach is expressly prohibited by the Child Support Standards Act itself (L 1989, ch 567, § 7; Domestic Relations Law § 240 [1-b] *[l]*).

The majority seems to concede this fundamental error by the Hearing Examiner, but then states that notwithstanding this totally erroneous standard, the disposition is "fully supported by the record and the law". The majority decision, like the hearing record. is totally devoid of facts indicating that Shannon's needs are not being met. While it is true that we may make inferences from the record, those inferences must be based on facts in the record. Unfortunately, there are no facts in this record to support the claimed change in circumstances. It appears the majority is applying the same mistaken interpretation of the law the Hearing Examiner made

in an effort to justify an a priori decision that the father's child support contribution was de minimus and must be increased.

Since the mother has failed to establish either that there was an unforeseen change of circumstances (as required by *Matter of Boden v Boden)* or that Shannon's needs are not being met (as required by *Matter of Brescia v Fitts),* the father's objections to the Hearing Examiner's order should have been sustained and the petition dismissed.