■ In the Matter of GEORGE LADD, Appellant, v SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of BEVERLY LADD, Respondent. [605 NYS2d 318] —In a proceeding pursuant to Family Court Act article 4, inter alia, for an upward modification of child support, the father appeals from an order of the Family Court, Suffolk County (Freundlich, J.), entered March 11, 1991, which denied his objections to an order of the same court (Buse, H.E.), dated November 15, 1990, which, after a hearing, inter alia, increased his child support obligation from $310 to $630 per month and awarded the respondent maintenance in the amount of $100 per month.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court has the discretion to increase child support when a petitioner can show a change in circumstances which warrants the modification in the best interest of the child (see, Matter of Masten v Masten, 150 AD2d 693). In the present case, the evidence adduced at the hearing established that the needs of the two growing children had increased. Thus, the Hearing Examiner properly exercised her discretion in concluding that the respondent had established the existence of changed circumstances warranting an upward modification of the appellant's child support obligations (see, Matter

*of Brescia v Fitts,* 56 NY2d 132, 141; *Matter of Ragazzo v Murray,* 175 AD2d 247, 248; *Hughes v Serviss,* 168 AD2d 541; *Matter of Bruhn v McCready,* 138 AD2d 374, 376).

We reject the appellant's contention that the Hearing Examiner erred in determining his child support obligation based on an income greater than that claimed by him. A court has the discretion to impute income to a parent where the parent received money, goods or services from a relative or friend *(see,* Domestic Relations Law § 240 [1-b] [b] [5] [iv] [D]; Family Ct Act § 413 [1] [b] [5] [iv] [D]). In the present case, the evidence established that the appellant received such benefits from his present wife. Additionally, in light of the appellant's allegedly reduced income, his failure to supply requested financial information regarding his businesses, and discrepancies between those financial records which he did supply and his income tax return, the Hearing Examiner was justified in finding that the appellant's true income was higher than he reported *(see, Felton v Felton,* 175 AD2d 794; *Rosenberg v Rosenberg,* 155 AD2d 428, 431; *Cusimano v Cusimano,* 149 AD2d 397, 399).

The Hearing Examiner also properly awarded the respondent maintenance in the amount of $100 per month. Contrary to the appellant's contention, the respondent requested such relief in her petition. Moreover, the evidence adduced at the hearing established that the respondent was unable to support herself due to a heart condition and was a public charge. Thus, the respondent sufficiently established circumstances warranting an award of maintenance *(see, McMains v McMains,* 15 NY2d 283).

We have considered the appellant's remaining contentions and find them to be without merit. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.