■ In the Matter of ANITA CAPPELLO, Respondent, v CARL W. CAPPELLO, SR., Appellant. [608 NYS2d 190] —Order, Family Court, Queens County (Mary Ellen Fitzmaurice, J.), entered on or about March 23, 1992, which denied respondent husband's application to vacate the Hearing Examiner's order directing him to pay child support of $141 per week and child support arrears of $2088 in weekly installments of $20 and to enforce the parties' prior child support agreement, unanimously affirmed, without costs.

Although modification of a pre-existing support order requires the petitioner to demonstrate that an unforeseen change in circumstances warrants a modification in the best interests of the children (see, Matter of Brescia v Fitts, 56 NY2d 132, 139-141), that rule is inapplicable to the instant situation as the parties' 1980 child support agreement, which respondent violated in 1989, was not an enforceable order but an informal agreement that was never entered as an order. The record supports the Hearing Examiner's decision to reject respondent's unsupported claim to the contrary. Moreover, the court was not obliged to amend its records to reflect respondent's position merely because he insists that the court lost

his file. The court's power to amend its records does not extend that far *(see, Gagnon v United States,* 193 US 451).

Nor do we find merit to respondent's claim that his support obligation, as determined under the Child Support Standards Act (Family Ct Act § 413), is unjust or inappropriate as he provides no support for his recent claim of poverty. Concur— Murphy, P. J., Sullivan, Carro, Wallach and Tom, JJ.