■ In the Matter of ROBERT BARNES, Appellant, v CAROL

BARNES, Respondent. [610 NYS2d 306] —In a proceeding to enforce the child support provisions of a stipulation entered into by the parties, the father appeals from (1) an order of the Family Court, Orange County (Bivona, J.), entered June 3, 1991 which denied his objections to an order of the same court (Winslow, H.E.), dated April 2, 1991, which, after a hearing, directed him to contribute one-half of the expenses of his son's college education after the deduction of all loans and grants, and (2) an order of the same court entered July 9, 1991, which, *inter alia,* directed the entry of a judgment for arrears in the payment of the expenses of his son's college education.

Ordered that the orders are affirmed, without costs or disbursements.

The mother sought a contribution from the father toward their son's college education pursuant to a stipulation entered into by the parties prior to their divorce. The stipulation was incorporated and not merged into the divorce judgment. Accordingly, absent an unanticipated and unreasonable change in circumstances, the stipulated allocation of financial responsibility incorporated in the divorce judgment should not be disturbed *(see, Matter of Boden v Boden,* 42 NY2d 210; *Karl v Karl,* 138 AD2d 354). No such change of circumstances occurred here. Bracken, J. P., O'Brien, Copertino and Hart, JJ., concur.