■ In the Matter of RENEE TYLER, Respondent, v RICARDO MINOTT, Appellant. [614 NYS2d 768] —In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Ambrosio,

J.), dated September 10, 1992, which denied his objections to an order of the same court (Spegele, H.E.), dated April 29, 1992, which, after a hearing, increased his child support obligation to $292.69, payable on a bi-weekly basis, and directed him to pay an additional sum for accrued arrears.

Ordered that the order dated September 10, 1992, is affirmed, without costs or disbursements.

The appellant is the father of a 9-year-old child born out of wedlock. The appellant is married and is the sole provider for his wife and two older unemancipated children of that marriage.

By order of the Family Court, Kings County, dated January 4, 1988, the petitioner was awarded $70 per week in child support. She applied for an upward modification of that order based on a change in circumstances as a result of increased expenses for rent, food, her daughter's school and transportation costs, and her daughter's medical care.

In support of her petition, the mother testified that after being held up seven times in her apartment building, she had recently relocated from a two-room studio rent-stabilized apartment costing $288.75 per month in a building that went co-op, to a larger apartment in a safer neighborhood costing $900 per month, to provide for her children. In addition, the daughter requires special medical care four times a week for treatment of swollen adenoids and ongoing inflammation. However, the petitioner can only afford treatments twice a week.

Great deference should be given to the determination of the Hearing Examiner, who was in the best position to hear and evaluate the evidence as well as the credibility of the witnesses and whose primary goal was to make a determination based upon the best interests of the children (see, Matter of Brescia v Fitts, 56 NY2d 132; Matter of Villota v Zelenak, 203 AD2d 370; Matter of Gilzinger v Stern, 186 AD2d 652; Creem v Creem, 121 AD2d 676). Based on the testimony and on the evidence presented, the Hearing Examiner properly determined that the mother had established a change in circumstances warranting an upward modification of the father's support obligation for their daughter, and appropriately applied the guidelines of the Child Support Standards Act to both of the parents' incomes (see, Family Ct Act § 413; see, also, Matter of Berg v O'Leary, 193 AD2d 732). Thompson, J. P., Balletta, O'Brien and Florio, JJ., concur.