■ In the Matter of ROBIN PETTEY, Respondent, v STEVEN PIKO, Appellant. [626 NYS2d 523] —In a proceeding for an up-

ward modification of child support pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from so much of an order of the Family Court, Westchester County (Tolbert, J.), entered June 2, 1993, as denied his objections to an order of the same court (Mrisich, H.E.), dated December 9, 1992, which, after a hearing, increased his weekly child support obligation for his four children from $150 per week to $300 per week.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties to this proceeding are the divorced parents of four children. In August 1986, the parties entered into a separation agreement which provided that the noncustodial parent, the father, would pay weekly child support in the amount of $150 per week. Thereafter, the mother commenced a proceeding pursuant to Domestic Relations Law article 3-A by filing a Uniform Support of Dependents Law (hereinafter USDL) petition seeking an upward modification of the father's child support obligation. The court denied the modification and directed the father to continue paying $150 per week. This proceeding concerns a subsequent USDL petition filed by the mother. A Hearing Examiner determined that modification was warranted after hearing the witnesses and evaluating the evidence, and applied the Child Support Standards Act to arrive at the appropriate amount (see, Family Ct Act § 413). The Family Court concurred with the Hearing Examiner's findings.

We agree with the finding that the increase in child support was warranted since the mother demonstrated that the prior child support was insufficient to meet the childrens' present needs (see, Matter of Brescia v Fitts, 56 NY2d 132; Matter of Dinkins v Mabry, 194 AD2d 787). The mother has met her burden of establishing the increased expenses and needs of the children and the father's ability to pay (see, Matter of Dinkins v Mabry, supra; Matter of Berg v O'Leary, 193 AD2d 732; Matter of Ragazzo v Murray, 175 AD2d 247).

We have reviewed the father's remaining contentions and find them to be without merit. Bracken, J. P., Rosenblatt, O'Brien and Hart, JJ., concur.