█ In the Matter of AMENCIA ANDRE, Respondent, v PAUL G. BRUMAIRE, Appellant. [750 NYS2d 314] —In a consolidated paternity proceeding pursuant to Family Court Act article 5, the father appeals from an order of the Family Court, Suffolk County (Dounias, J.), entered July 17, 2001, which denied his objections to an order of the same court (Lynaugh, H.E.), entered January 3, 2001, which, after a hearing, directed him to pay $1,500 per month in child support, and $250 per month in child support arrears for the subject children.

Ordered that the order is affirmed, with costs.

Contrary to the father's contentions, the hearing examiner's support order was not erroneously based upon income imputed to him from an apartment building that he previously, but no longer owns, or upon any of his other past business ventures. Rather, the hearing examiner based the support order "solely upon [the father's] reported rental income" on his 1999 tax return, which was derived from rents collected from the remaining building that he owned. We note that the hearing examiner properly discredited the father's attempt to deduct depreciation from his rental income, as this is not an actual expense and has no bearing on his ability to provide support

for his children (*see Matter of Calabrese v Johnston,* 274 AD2d 971; *Haas v Haas,* 265 AD2d 887; *Matter of Mireille J. v Ernst F.J.,* 220 AD2d 503). Moreover, in light of the father's admission that the majority of the tenants of that building paid their rent in cash, the hearing examiner providently exercised her discretion in imputing income to the father beyond the amounts reported in his tax return (*see Matter of Scomello v Scomello,* 260 AD2d 483, 484; *Graziano v Graziano,* 285 AD2d 488; *Matter of Graves v Smith,* 284 AD2d 332, 333).

The parties submitted little documentary evidence. Thus, the determination of the hearing examiner was based largely upon her assessment of the parties' credibility (*see Matter of Grant v Grant,* 265 AD2d 19, 22-23; *Matter of Andre v Warren,* 192 AD2d 491). Such determinations are best made by the hearing examiner, who had a first-hand opportunity to see and hear the witnesses (*see Matter of Cattell v Cattell,* 254 AD2d 357; *Matter of Rolle v Murphy,* 254 AD2d 285; *Matter of Tyler v Minott,* 206 AD2d 537, 538). Inasmuch as the hearing examiner's determinations were supported by the record, they were properly sustained by the Family Court over the father's objections (*see Matter of Musumeci v Musumeci,* 295 AD2d 516; *Matter of Ferraro v Nash,* 293 AD2d 538, 539; *Matter of Doyle v Doyle,* 230 AD2d 795, 796).

The hearing examiner correctly calculated the father's support obligation, as the noncustodial parent, without calculating the mother's obligation. In this case, the father's obligation is essentially the same regardless of the income of the custodial mother (*see* Besharov, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 413, at 96). Indeed, notwithstanding the absence of documentary proof of the mother's income, her testimony established that her annual income was of $20,828. That figure, when added to the father's total annual income, which is $62,086.97, yields a combined income of $82,914.97. The parties' combined basic support obligation for their three children, based on the statutory percentage of 29%, is $24,045.34 (*see* Family Ct Act § 413 [1] [b] [3] [iii]). The mother's income is approximately 25% of that of the father. Thus, her proportionate share of support is $6,011.33, leaving the father's 75% share at $18,034.01. This amount is essentially what the hearing examiner found, attributing an annual support obligation of $18,000 to the father, excluding arrears.

The father's remaining contentions are without merit. Feuerstein, J.P., S. Miller, Friedmann and Cozier, JJ., concur.