■ In the Matter of MARY ANN KINGSLEY, Respondent, v JAMES KINGSLEY, Appellant. [771 NYS2d 437]—

Appeal from an order of the Family Court, Monroe County (Ann Marie Taddeo, J.), entered January 21, 2003. The order granted petitioner's objections to the order of the Hearing Examiner, granted the petition and increased respondent's child support obligation to $1,900 per month.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the objections are denied and the order of the Hearing Examiner is reinstated.

Memorandum: The parties were divorced on April 20, 1995 and were awarded joint custody of their three children. Respondent was ordered to pay $1,000 per month in child support to petitioner. The parties agreed to "split physical custody" of the children. In January 2001, petitioner sought an upward modification of child support, and Family Court, following a hearing, increased respondent's support obligation to $1,500 per month.

In May 2002, petitioner sought a further increase in child support, and that petition is the subject of this appeal. Petitioner alleged that, since the last order, the parties no longer have a "split [physical] custody arrangement" because respondent had moved, and she further alleged that respondent "provides only minimal support" for the oldest child's college expenses. Following a hearing, the Hearing Examiner dismissed the petition. In a thorough decision, the Hearing Examiner reviewed the requisite factors set forth in Family Ct Act § 413 (1) (f) and concluded that, although petitioner met her burden of establishing a change in circumstances, she had failed to demonstrate a sufficient increase in monthly expenses to warrant an upward modification of child support.

Family Court thereafter granted petitioner's objections to the

order of the Hearing Examiner and granted the petition. The court determined that it was "just and appropriate," based upon the totality of the proof presented, to increase respondent's child support obligation to $1,900 per month, an increase of $400 per month, but the court did not set forth its reasons for doing so. Pursuant to Family Ct Act § 439 (e), the court was required to "remand one or more issues of fact" to the Hearing Examiner, "make, with or without holding a new hearing, his or her own findings of fact and order," or deny the objections. The record establishes that the court herein failed to comply with section 439 (e).

In any event, the record further establishes that, although there was a change in circumstances once the parties' split physical custody arrangement ceased, petitioner provided insufficient evidence to establish that the needs of the children were not being met. We therefore agree with the Hearing Examiner that petitioner did not meet her burden of demonstrating the need for an upward modification of respondent's child support obligation (*see Matter of Brescia v Fitts*, 56 NY2d 132, 140-141 [1982]; *Shedd v Shedd*, 277 AD2d 917 [2000], *lv dismissed* 96 NY2d 754 [2001]). Present—Pigott, Jr., P.J., Pine, Hurlbutt, Kehoe and Hayes, JJ.