670

■ In the Matter of ROBERTA I. LA BLANC, Also Known as ROBERTA I. SUTTON, Respondent, v GERALD W. LA BLANC, Appellant. — Appeal from an order of the Family Court of Franklin County (Plumadore, J.), entered September 24, 1982, which granted petitioner an upward modification of child support. Petitioner and respondent were divorced on October 17, 1974. There are three children born of this marriage. Pursuant to a separation agreement executed July 11, 1974, incorporated but not merged in the judgment of divorce, petitioner was awarded custody of the children and respondent, insofar as here relevant, was required to pay $25 weekly for the support of each child. As the result of respondent's arrearage, an order entered September 8, 1977 garnisheed his Army retirement pay to satisfy the arrearage and the $216.66 per month for the support of the two unemancipated children. When one of these two children became 21, respondent petitioned on May 21, 1982 to terminate his obligation for support of that child (Family Ct Act, § 413). In the meantime, petitioner sought an increase in child support for the youngest child from $108.33 per month to $216.66 per month, contending that the child's needs had increased, as had respondent's financial ability to pay. By order entered September 24, 1982, Family Court awarded an increase in child support to $140 per month, effective October 1, 1982. This appeal by respondent ensued. Respondent asserts that Family Court erred in awarding upward modification of the child support provisions of the separation agreement, by refusing to provide a method of reimbursement for overpayments made after the middle child had reached his majority, and by failing to classify his retirement pay allotment as voluntary. In *Matter of Brescia v Fitts* (56 NY2d 132), the Court of Appeals recently held that the Family Court is authorized to modify a support order even in the face of an existing separation agreement where the assertion of inadequate child support is made. In such instance, it is not necessary to demonstrate an unanticipated and unreasonable change in circumstances (see *Matter of Boden v Boden,* 42 NY2d 210), but merely that a change in circumstances has occurred warranting the increase in the best interests of the child (Family Ct Act, § 461, subd [a]; *Matter of Brescia v Fitts, supra,* pp 138-140; *Matter of Michaels v Michaels,* 56 NY2d 924, 926). Factors to be considered include the increased needs of a child due to special circumstances, or simply due to the additional activities of growing children, the increased cost of living insofar as it entails greater expenses for a child, loss of income or substantial improvement in the financial status of a parent, and the current and prior life styles of the child (*Matter of Brescia v Fitts,* 56 NY2d 132, 141, *supra*). In reviewing whether sufficient evidence of change has been adduced, deference must be given to the determination of the Family Court (*id.,* at pp 140-141). Contrary to respondent's contention, we do not view the instant dispute as an attempt to merely readjust the respective obligations of the parents to support the child, but rather to secure adequate support for the youngest child (cf. *Matter of Boden v Boden,* 42 NY2d 210, *supra*). Although the present record is sparse, the parties each submitted financial statements outlining specific items of expense and their respective financial means. It is evident that Family Court was influenced not only by an increase in the financial status of both parents, but by an obvious increase in the needs and activities of the child (see *Ward v Ward,* 79 AD2d 683). Particularly significant is Family Court's recognition that the prior support order was structured around respondent's ability to pay as opposed to the child's actual needs. These circumstances prevailing, the modest increase in child support was clearly warranted. Next, petitioner concedes in her letter-brief that a reimbursement for overpayments made on behalf of the middle child after May 21, 1982, the date he turned 21 years old, is appropriate but only for payments effective as of October of 1982. Inasmuch as a parent's statutory duty of support continues

only until a child attains the age of 21 or is otherwise sooner emancipated (Family Ct Act, § 413), we concur that a reimbursement is required. Since the record is unclear as to the amount of such overpayment or, for that matter, whether such overpayment continues to date, a remand is necessary to compute the actual amount due as well as an appropriate schedule of reimbursement. Finally, in view of respondent's prior history concerning support payments, we find no error in the Family Court's refusal to reclassify respondent's retirement pay allotment as voluntary. Order modified, on the law and the facts, by remitting the matter to the Family Court of Franklin County for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.