■ In the Matter of CHENANGO COUNTY SUPPORT COLLECTION UNIT, on Behalf of CAROLAN MERSEREAU, Also Known as CAROLAN DE BRIE, Respondent, v JAMES C. DE BRIE, Appellant. — Appeal from an order of Family Court of Chenango County (Ingraham, J.), entered September 8, 1983, which directed respondent to continue paying support and found him in willful violation of a prior support order. ¶ Respondent and his former wife separated pursuant to a separation agreement entered into on March 11, 1983. By the terms of that agreement, the wife agreed to relieve respondent of any obligation to support her after March 31, 1983 and respondent agreed to pay her $80 a week for the support of their 16-year-old daughter, who would continue in the custody of her mother. Within a matter of a few days after executing the agreement, respondent voluntarily terminated his employment for which he was being paid approximately $35,000 annually. Since then, he has attempted to operate a self-owned business which, according to his statement of net worth dated August 8, 1983, produced income in the amount of $832 during the five-month period preceding the hearing. ¶ The wife petitioned Family Court for enforcement of the child support provision which had been incorporated into a prior Family Court order. Respondent petitioned for complete relief from the order or for a modification thereof because of his alleged lack of funds with which to comply. After a hearing, Family Court determined that respondent was in

---

arrears to the extent of $400 and that the violation was willful. The court ordered that payment of the arrearage be held in abeyance, suspended all payments until September 2, 1983, and modified the prior order by reducing the weekly payments to $30 for the period from September 2, 1983 until December 2, 1983, at which time the $80 weekly payment provision was to be reinstated. ¶ It is significant that the reasons stated by respondent for the voluntary termination of his previous employment were nebulous and certainly insufficient to justify placing his daughter in jeopardy. There was no evidence indicating any disability on the part of respondent which prevented him from obtaining and carrying out adequately remunerative employment. Reversal of a father's financial condition which is brought about by his own actions or inactions is insufficient to justify a commensurate reduction of his obligation to support a child. The proper amount of support payable is not determined by a father's current economic situation, but by his ability to provide (*Hickland v Hickland,* 39 NY2d 1, 5, cert den 429 US 941; *Kay v Kay,* 37 NY2d 632, 637; *Matter of Doscher v Doscher,* 80 AD2d 945, affd 54 NY2d 655). ¶ In addition to pleading insufficient funds to comply with the order and the separation agreement, respondent contended that all or a portion of his responsibility should be shifted to his former wife. We find that contention to be without merit. Her take-home pay is $133.50 a week. The amount that her present husband contributes to her support was not disclosed in the record. However, respondent admitted that the woman with whom he now lives does contribute to his support. ¶ In our opinion, the decision appealed from displayed remarkable patience and compassion on the part of the Family Court Judge. It gave respondent three months to either build his business into a successful venture or to abandon it and obtain suitable employment. ¶ Order affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.