OPINION OF THE COURT
Jeffry H. Gallet, J.
We are faced here with the all too familiar situation of a noncustodial parent remarrying, starting a second family and finding that there is simply not enough income to support both families in the style he or she would prefer. In the case at bar, respondent’s first wife prays for an increase in the $75 a week child support payments for their two children, which were originally set in a 1979 separation agreement and continued by a 1979 divorce judgment and a 1981 Family Court order. Respondent defends on the dual grounds that petitioner has not proven a change of circumstances sufficient to warrant the modification and that, in any event, he cannot afford an increase, in large part because he is supporting his second wife and third child.
Although neither party was an entirely credible witness, there was sufficient evidence to find that rent, food utilities, clothing and medical expenses for the children had increased since the last Family Court order; that respondent and his second family lived comfortably, but certainly not lavishly, on his income with little if any extra money left after paying expenses; that respondent’s second wife left a well-paying job when her child was born and that petitioner was about to start a new job as a paraprofessional for the New York City Board of Education at a *648 salary of about $9,000 a year. In addition, at various times during the period since 1979, petitioner received alimony of $25 a week until her short-lived second marriage, worked as a taxi driver and received money as a result of an automobile accident.
As to the first defense, the evidence shows that an increase is warranted. Petitioner has demonstrated a change of circumstances sufficient for the court to inquire as to the best interests of the children. (Matter of Brescia v Fitts, 56 NY2d 132; Matter of Michaels v Michaels, 56 NY2d 924; Pfleger v Westfall, 90 AD2d 978; Matter of La Blanc v La Blanc, 96 AD2d 670.) Once the court has passed the threshold step of finding a change of circumstances it must examine all of the facts of the case to determine the best interests of the children. (For analogous reasoning in custody cases, see Friederwitzer v Friederwitzer, 55 NY2d 89, and this court’s opinion in Matter of Larisa F. v Michael S., 120 Misc 2d 907.)
The second defense is more troublesome. Although prior decisions give guidance on how a supporting parent’s second family should be treated in cases where she or he requests a reduction of child support payments, none seem to have addressed the question of what consideration should be given to a second family where the children of the first family are subjects of a petition for an increase in support. Matter of Windwer v Windwer (39 AD2d 927, affd 33 NY2d 599) clearly sets forth the rule that increased expenses due to a second family are not a change of circumstances warranting a reduction in an existing support order. The apparent rationale for the Windwer rule is that the supporting parent was aware of his or her support obligation before starting a second family.
The rule is sound and is reasonably applied to petitions for a decrease in support and is equally applicable to petitions for increases due to inflation or reasonably anticipated expenses. However, as to modification petitions based on unanticipated child support expenses, a second family is an important component of a respondent’s financial resources and must be considered. (Family Ct Act, § 413.) A court which must act in the best interests of the children of the first family (Matter of Brescia v Fitts, supra; *649 Matter of La Blanc v La Blanc, supra) cannot ignore those of the children of the second family. Nor can we reasonably expect a parent not to take on normal familial obligations on the chance that his or her children may for unexpected reasons require additional support.
Accordingly, the order of support is modified to $100 per week, with the expenses and earning potential of the second family unit having been considered by the court in reaching its determination.
Respondent drew the court’s attention to the Consumer Price Index of the United States Department of Labor. According to that index, the cost of living has increased by about one third since the parties set child support at $75 a week by their 1979 agreement. Although an increase to $100 a week would be less than the actual increases in living expenses that petitioner has incurred for the children, it represents, under the particular facts of this case, both the increase respondent should have reasonably anticipated as well as the amount he can reasonably be required to pay given his financial resources.
Settle order providing for payment of the increase as of the date of the filing of the petition on September 27,1982 (Family Ct Act, § 449) and crediting respondent for any increased payments under the temporary order of support.