In the Matter of PATRICIA KING, Respondent, v EDWARD KING, Appellant. — Appeal from an order of the Family Court of Essex County (Plumadore, J.), entered August 8, 1983, which granted petitioner's application for an upward modification of child support. ¶ The parties were divorced on December 17, 1979 and custody of their two minor children was awarded to petitioner, together with child support in the sum of $25 per week. On June 10, 1983, petitioner commenced a proceeding in Family Court for upward modification of child support, alleging that the needs of the children had increased, as had respondent's income. Following an on-the-record discussion with counsel and submission of financial data, but without testimony of the parties, the Family Court rendered a combined decision and order which increased the total child support from $25 to $40 per week and ordered each of the parties to pay one half of the cost of orthodontic treatment not covered by dental insurance. Respondent has appealed from the increase in weekly child support on the sole ground that the evidence before the court cannot sustain the upward modification. ¶ We affirm. Section 461 (subd [b], par [ii]) of the Family Court Act authorizes a modification of child support upon a showing of changed circumstances. Here, petitioner asserted that the needs of the two children, ages 12 and 14, have substantially increased, as has respondent's income. The financial affidavits indicate that respondent's income has risen from approximately $9,100 in 1980 to $11,180 at the time of this proceeding. Although this increase is hardly substantial, given the minimal amount of support initially

set and the readily apparent increase in the needs of growing children, we conclude that the modest increase in child support was clearly warranted (see *Matter of La Blanc v La Blanc,* 96 AD2d 670; *Ward v Ward,* 79 AD2d 683, mot for lv to app den 52 NY2d 705; *Klubek v Schad,* 49 AD2d 669). Family Court aptly recognized that the initial support order was geared more towards respondent's ability to pay than the children's actual needs. ¶ Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.