■ In the Matter of DEBRA M. BRITT, Respondent, v JON D. GLOBERSON, Appellant.—Main, J. Appeal from an order of the Family Court of Albany County (Cheeseman, J.), entered October 5, 1984, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, and directed respondent to pay $100 per week for support of his child.

Pursuant to a separation agreement that was subsequently incorporated but not merged into the parties' 1980 judgment of divorce, respondent was to pay the sum of $20 per week for the support of the parties' only child. Contending that the child's needs had thereafter increased, petitioner commenced this proceeding in 1983 seeking greater monthly support payments from respondent. Family Court, which agreed that the needs of the child had increased substantially since 1980 and noted that respondent's annual income had risen approximately $20,000 to over $67,200 during that period, increased to $100 per week the amount that respondent was obligated to pay. This appeal ensued.

Where, as here, the assertion of inadequate child support is made, Family Court is authorized to modify a support order even in the face of an existing separation agreement *(Matter of Brescia v Fitts,* 56 NY2d 132, 139-140). In such instance, it is necessary to demonstrate "merely that a change in circumstances has occurred warranting the increase [in support] in the best interests of the child" *(Matter of La Blanc v La Blanc,* 96 AD2d 670). In reviewing whether sufficient evidence of change has been presented by the petitioning party, deference must be given to the determination made by Family Court *(Matter of Brescia v Fitts, supra,* pp 140-141).

Here, in view of the demonstrated increase in the needs of the child due to his additional activities, the child's current and prior life-style and the substantial improvement in the financial condition of respondent *(see, id.,* p 141; *Matter of King v King,* 103 AD2d 871, 871-872), we cannot say that Family Court abused its discretion in increasing respondent's support obligation. Accordingly, we affirm.

Order affirmed, without costs. Mahoney, P. J., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.