■ ANITA CREEM, Respondent, v EDWARD J. CREEM, Appellant.—In a support proceeding pursuant to Family Court Act article 4, Edward J. Creem appeals from an order of the

Family Court, Westchester County (Facelle, J.), entered May 7, 1985, which, *inter alia,* confirmed the findings and recommendation set forth in the report of a hearing examiner and ordered him to pay to the petitioner Anita Creem the sum of $150 per week for the support of the parties' three children and the sum of $1,200 in three equal weekly installments, representing support arrears.

Order affirmed, with costs.

We reject the appellant's contention that the Family Court erred in fixing the amount of support. It is a firmly established principle that the parents of an unemancipated minor have a duty to support the child if they are financially capable of doing so *(see,* Family Ct Act § 413 [1]; *Sementilli v Sementilli,* 102 AD2d 78; *Matter of La Blanc v La Blanc,* 96 AD2d 670; *Jeanne M. v Richard G.,* 96 AD2d 549, *appeal dismissed* 61 NY2d 637). In determining the proper amount of support, the court is to weigh the needs and interests of the child and the respective means and future earning capacities of the parties *(see, Matter of Chenango County Support Collection Unit v De Brie,* 100 AD2d 687; *Jeanne M. v Richard G., supra).* In this case, the record fully supports the court's factual findings concerning the appellant's present and future earning capacity, for he admitted that he expected to earn a substantial salary at his present job, and he further testified that in the five years prior to the support proceeding, his annual salary ranged from $25,000 to $50,000.

In determining support issues, the trial court has broad discretion in weighing the relative financial positions of the parties and in evaluating their testimony *(see, Hendrey v Hendrey,* 110 AD2d 753; *Parry v Parry,* 93 AD2d 989), and its findings are entitled to great deference on appeal *(see, Matter of La Blanc v La Blanc, supra).* Under the circumstances presented herein, we discern no basis for disturbing the award of $150 per week as the amount of the appellant's contribution toward the support of his three children *(see, e.g., Baynon v Baynon,* 111 AD2d 733; *Conrad v Lewis,* 93 AD2d 974). We have considered the appellant's remaining contentions and find them to be without merit. Thompson, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.