■ In the Matter of MARCIA J. BOBIK, Respondent, v STEPHEN BOBIK, Appellant.—Mikoll, J. Appeal from an order of the Family Court of Schenectady County (Reilly, Jr., J.), entered March 4, 1985, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, and directed respondent to pay $625 per month for the support of his two children.

Petitioner and respondent were married on June 26, 1966. The couple had two children, Patricia, born May 19, 1967, and Stephen, born April 2, 1969. The parties executed a separation agreement on May 22, 1980 which was incorporated into a judgment of divorce entered August 13, 1980. The agreement provided that respondent would pay petitioner $385 per month, to be divided equally for the support of the two children. This monthly payment was to be increased by $25 each year. Petitioner made this application to increase the child support payments in September 1984. Family Court found that, at the time of its decision, respondent was paying petitioner $485 per month for child support and that the needs of the children had increased. Accordingly, it directed that he pay petitioner a total of $625 per month. This appeal by respondent ensued.

There should be an affirmance. A proper showing was made that the child support payments were inadequate to meet the substantially increased needs of the children and that a change in circumstances had occurred which warranted the increase in support for the best interests of the children (see, Matter of Michaels v Michaels, 56 NY2d 924, 926; Matter of Brescia v Fitts, 56 NY2d 132; Matter of La Blanc v La Blanc, 96 AD2d 670). Where sufficient evidence of such changed circumstances has been adduced, deference should be given to the determination of Family Court (Matter of La Blanc v La Blanc, supra). There was also evidence that respondent's income had increased substantially while petitioner's had decreased somewhat. Although the agreement provided for an annual increase of $25 in the monthly support payments, this limit was shown to be inadequate and, therefore, not in the best interests of the children. Accordingly, Family Court properly determined that it was not bound by the provision.

Order affirmed, without costs. Kane, J. P., Main, Weiss, Mikoll and Yesawich, Jr., JJ., concur.