■ In the Matter of JEANNIE M. SUTTON, Appellant, v THOMAS G. SUTTON, Respondent.—Order unanimously reversed on the law without costs, petition granted and matter remitted to Niagara County Family Court for further proceedings, in accordance with the following Memorandum: We find that petitioner is entitled to an upward modification of child support because she demonstrated that she cannot meet the increased financial needs of the children based on her income and the current child support she is receiving from respondent (see, Matter of Brescia v Fitts, 56 NY2d 132, 141). It is well settled that, where a child's right to receive adequate support is asserted in a petition to modify child support, the test is whether petitioner has shown a change of circumstances warranting an increase in the best interests of the children (see, Matter of Brescia v Fitts, supra; see also, Matter of Michaels v Michaels, 56 NY2d 924). In finding that the children were not "in dire need of increased support", the Hearing Examiner applied the wrong standard. Moreover, a change in the respective incomes of the parties is but one factor to consider (see, Matter of Brescia v Fitts, supra, at 141). To the extent that petitioner argues that the change in circumstances is the disparity of income, we disagree. The

record establishes that such disparity has always been present. Based on the testimony, income tax returns and other documents in evidence, her income was $13,478 in 1987, $10,018 in 1988, $8,393 in 1989 and $14,430 (projected) in 1990. Respondent's individual income was $34,519 in 1986 and $36,724 in 1989. Petitioner, however, has shown an increase in the needs of the children. The financial affidavits and testimony, which were never impeached, established that the children's needs have increased approximately 30%: in 1987 petitioner's monthly expenses, including debt payment, were $1,560 and in 1990 were $2,032. Moreover, petitioner was found eligible for a home energy assistance program payment in January 1990.

Because there has been a change of circumstances, the Child Support Standards Act applies in determining the modified order (see, Domestic Relations Law § 240 [1-b] [f] [10]). The proof with respect to the parties' incomes was taken almost two years ago; therefore, we remit this matter to Family Court to modify child support in accordance with the Child Support Standards Act in light of the parties' current incomes. The procedure applicable here is intended to be expeditious and the record does not explain the lengthy delays by the Hearing Examiner and Family Court in making the orders addressed in this appeal.

We cannot address the court's failure to award counsel fees incurred in connection with the modification petition because neither the Hearing Examiner nor the court ruled on that issue and petitioner failed to move for a resettled order to enable this Court to review the issue. Petitioner's separate application for counsel fees to be incurred on this appeal also is unreviewable because she failed to file a notice of appeal from the court's order denying her request, which post-dates her notice of appeal. (Appeal from Order of Niagara County Family Court, Halpin, J.—Child Support.) Present—Callahan, J. P., Boomer, Green, Pine and Balio, JJ.