■ In the Matter of JUDITH B. LEVY, Respondent, v GREGORY LEVY, Appellant. [598 NYS2d 279] —In a proceeding for the upward modification of an award of child support pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (DeMaro, J.), entered January 30, 1991, which denied his objections to an order of the same court (Watson, H.E.), entered September 20, 1990, which, after a hearing, increased his weekly child support obligation from the sum of $225 to the sum of $292.38 per week for three children, directed him to pay an additional $32.62 per week to satisfy arrears, and increased his share of the children's unreimbursed medical and dental expenses from 50% to 76%.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the father's objections to the order of the Hearing Examiner are sustained, the order of the Hearing Examiner is vacated, and the petition for an upward modification of child support is dismissed.

The parties entered into a settlement agreement in February 1988 which obligated the father to pay child support in the amount of $75 per week per child for a total of $225 per week for the parties' three children. The agreement also provided that the parties were to share equally any of the children's unreimbursed medical and dental expenses. In April 1990 the mother brought a proceeding for an upward modification of child support, based on the children's in-

creased needs and the father's increase in salary. The mother was required to demonstrate an unanticipated and unreasonable change in circumstances or that the agreement was unfair when entered into *(see, Matter of Boden v Boden,* 42 NY2d 210) or that her income and the original child support award were insufficient to meet the children's present needs *(see, Matter of Brescia v Fitts,* 56 NY2d 132; *see also, Matter of Bernstein v Goldman,* 180 AD2d 735).

We find that the mother failed to meet her burden. No allegation is made that the settlement agreement was unfair, nor that the increased needs of the children were unanticipated and unreasonable *(see, Matter of Murrin v Murrin,* 186 AD2d 567; *Matter of Bernstein v Goldman, supra; May May Cheng v McManus,* 178 AD2d 906). Although the father's income had increased since 1988, the mother's income had increased as well. The record establishes that the mother's income, together with the original child support award, were sufficient to meet the children's increased needs *(see, Matter of Bernstein v Goldman, supra; May May Cheng v McManus, supra; cf., Matter of Berg v O'Leary,* 193 AD2d 732). Accordingly, the Family Court erred in modifying the child support provision in the parties' agreement and in readjusting the parties' respective obligations to pay for the children's unreimbursed medical and dental expenses. Bracken, J. P., O'Brien, Ritter and Copertino, JJ., concur.