■ In the Matter of LISA CONTINO, Appellant, v MICHAEL RYAN, Respondent. [598 NYS2d 619] —Order unanimously affirmed without costs. Memorandum: Family Court properly denied petitioner's objections to the order of the Hearing Examiner that denied petitioner's application for a modification of the order of support. Petitioner failed to demonstrate that she cannot meet the increased financial needs of the child based upon her income and the current child support that she receives from respondent *(see generally, Matter of Brescia v Fitts,* 56 NY2d 132; *compare, Matter of Barnes v Barnes,* 186

AD2d 1042; *Matter of Sutton v Sutton,* 178 AD2d 980). Petitioner did not seek to readjust the respective obligations of the parents to support the child *(see, e.g., Boden v Boden,* 42 NY2d 210) but asserted in her petition the right of the child to receive adequate support. Therefore, "the test is whether petitioner has shown a change of circumstances warranting an increase in the best interests of the child" *(Matter of Sutton v Sutton, supra,* at 980; *see, Matter of Brescia v Fitts, supra; see also, Matter of Michaels v Michaels,* 56 NY2d 924).

The record establishes that petitioner's income was approximately $24,000 in 1989 and $34,000 in 1991. Respondent's income increased only slightly over that same period of time from approximately $33,200 to $34,200. Petitioner made generalized claims of an increase in her cost of living but gave few specifics regarding the increased financial needs of the parties' child. Additionally, petitioner's testimony regarding certain expenses, including unreimbursed medical expenses for the child, was impeached on her cross-examination. Based upon the evidence adduced, we cannot conclude that Family Court abused its discretion in denying petitioner's application *(see, Matter of Brescia v Fitts, supra).*

Because we conclude that petitioner failed to demonstrate a change of circumstances warranting a modification, the Child Support Standards Act does not apply *(see,* Domestic Relations Law § 240 [1-b] *[l]).* Finally, since petitioner acknowledged that she was aware that the Child Support Standards Act was in existence at the time she entered into the original oral stipulation, there is no merit to her contention that the stipulation is invalid *(cf., Sloam v Sloam,* 185 AD2d 808). (Appeal from Order of Monroe County Family Court, Miller, J.—Child Support.) Present—Denman, P. J., Green, Balio, Fallon and Davis, JJ.