█ In the Matter of JANICE DINKINS, Respondent, v BOYCE MABRY, Appellant. [599 NYS2d 620] —In a proceeding pursuant to Family Court Act article 4 for the upward modification of an award of child support, the father appeals from an order of the Family Court, Kings County (Burstein, J.), dated January

18, 1991, which denied his objections to an order of the same court (Rood, H.E.), dated December 4, 1990, which, after a hearing, increased his weekly obligation from $100 to $142, retroactive to May 1, 1990.

Ordered that the order is affirmed, with costs.

The parties had two children out of wedlock, Kenya, born May 14, 1975, and Latoya, born February 11, 1977. In May 1984 the parties entered into a stipulation agreement that provided, *inter alia,* that the father, the noncustodial parent, would pay weekly child support in the total amount of $100 for both children. In 1984 the mother's gross earnings were approximately $18,000 and the father's gross earnings were approximately $26,160. Alleging a change in circumstances and that the needs of both of the children were not met by the father's contribution to their support, the mother sought an upward modification of the child support set 6 years earlier.

In support of her petition, the mother was required to demonstrate a change in circumstances and that her income and the original child support award were insufficient to meet the children's present needs *(see, Matter of Brescia v Fitts,* 56 NY2d 132; *see also, Matter of Levy v Levy,* 193 AD2d 801; *Matter of Bernstein v Goldman,* 180 AD2d 735).

We find that the mother met her burden. In support of her petition, the mother testified to specific increases in the costs related to the children's basic necessities of food, shelter, and clothing, as well as to the expenses associated with the children's varied interests. At the hearing it was also revealed that the father was then earning $33,000. Based upon the testimony, as well as the Financial Disclosure Affidavits submitted by both parties, the Hearing Examiner determined that a change in circumstances warranting an increase in child support had, indeed, occurred, and applied the Child Support Standards Act. The net effect of the application of the formula resulted in an increased obligation on the part of the father for the children's support requiring him to pay $142 per week. Contrary to the father's contention that the evidence proffered by the mother was insufficient, the evidence reveals that the mother had clearly set forth specific increased expenses of the children to support an upward modification *(see, Matter of Brescia v Fitts, supra; Zucker v Zucker,* 187 AD2d 507; *Matter of Miller v Davis,* 176 AD2d 945).

Further, we see no reason to disturb the findings of fact made by the Hearing Examiner, who was in the best position to hear and evaluate the evidence as well as the credibility of

the witnesses *(see, Matter of Brescia v Fitts, supra; Matter of Gilzinger v Stern,* 186 AD2d 652; *Creem v Creem,* 121 AD2d 676, 677). The mother has met her burden of establishing the increased expenses and needs of the children and the other spouse's ability to pay, thereby justifying modification of the original support obligation *(see, Matter of Berg v O'Leary,* 193 AD2d 732; *cf., Matter of Levy v Levy, supra).*

Moreover, we find that where, as here, the circumstances warrant modification, the Child Support Standards Act "shall" apply (Family Ct Act § 413 [1] *[1]; see also, Miller v Davis, supra).* While the father seeks a variation from the application of the guidelines pursuant to Family Court Act § 413 (1) (f), the father has not presented sufficient proof that his pro rata share of the basic child support obligation is "unjust or inappropriate". Sullivan, J. P., Miller, O'Brien and Ritter, JJ., concur.