■ In the Matter of JOANNE CLATE, Respondent, v RONALD CLATE, Appellant. [605 NYS2d 608] —Order unanimously affirmed without costs. Memorandum: Where a parent, in a petition seeking a modification of child support, asserts the child's right to receive adequate support, "the test is whether petitioner has shown a change of circumstances warranting an increase in the best interests of the child" *(Matter of Sutton v Sutton,* 178 AD2d 980; *see also, Matter of Brescia v Fitts,* 56 NY2d 132, 141; *Matter of Michaels v Michaels,* 56 NY2d 924). Family Court properly applied the *Brescia* test to petitioner's modification petition, rather than the more stringent test set forth in *Matter of Boden v Boden* (42 NY2d 210). Petitioner adequately demonstrated that the amount of child support agreed to by the parties when their son was nine months old is no longer adequate to support him now that he is 17 years old and attending high school. Petitioner further proved that her parents, with whom she and her son lived, had contributed to their support and that, when her parents died, petitioner's gross salary of approximately $18,500 annually was insufficient to cover her expenses for herself and her son. Petitioner was forced to take a home equity loan, sell her jewelry, and borrow money from a family friend to make ends meet. Respondent, on the other hand, earns in excess of $82,000 per year.

Once it had determined that there had been a change of circumstances warranting modification, Family Court properly applied the Child Support Standards Act to determine the amount of support for which respondent would be responsible *(see,* Family Ct Act § 413 [1] *[l]; Matter of Sutton v Sutton, supra,* at 981). (Appeal from Order of Onondaga County Family Court, Bersani, J.—Child Support.) Present—Pine, J. P., Balio, Lawton, Doerr and Boehm, JJ.