■ EVELYN KALENSCHER, Appellant, v KENNETH SKODNEK, Respondent. [608 NYS2d 841] —In a matrimonial action in which the parties were divorced by judgment dated August 31, 1987, entered upon the parties' stipulation of settlement, the plaintiff former wife appeals from stated portions of an order of the Supreme Court, Suffolk County (Fierro, J.), dated June 24, 1991, which, *inter alia,* (1) denied that branch of her motion which was for a modification of the divorce judgment to include an award of child support, and (2) granted the cross motion of the defendant former husband to the extent of awarding him a credit for "sums already repaid" against the sums he has been directed to deposit in certain bank accounts.

Ordered that the order is modified, on the law, by deleting the provision thereof which awarded the defendant former husband a credit for "sums already repaid"; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing and determination as to the portion of the $22,337.48 debt owed by the defendant to the plaintiff which remains unpaid, and for entry of a money judgment in the plaintiff's favor for any balance due.

The plaintiff former wife sought modification of the terms of the parties' divorce judgment, entered pursuant to a stipulation of settlement, so as to direct the former husband to provide child support. We agree with the Supreme Court that this relief is not warranted, given the absence of competent proof that the needs of the child in question are not being adequately met *(see, Matter of Brescia v Fitts,* 56 NY2d 132, 139; *Matter of Levy v Levy,* 193 AD2d 801; *Matter of Bernstein v Goldman,* 180 AD2d 735; *see also, Matter of Sheffer v*

*Fershtadt,* 195 AD2d 516; *Matter of Dinkins v Mabry,* 194 AD2d 787).

We agree with the plaintiff former wife that the Supreme Court erred in awarding the defendant former husband a credit for "sums already repaid", which he claimed amounted to $10,045, against a $22,337.48 debt, which the divorce judgment required him to deposit in certain bank accounts. Although the defendant annexed to his motion papers certain canceled checks from his parents to the plaintiff former wife, there is no indication that the defendant's father wrote those checks on the defendant's behalf in partial satisfaction of that judgment debt. Therefore, we remit the matter of the Supreme Court, Suffolk County, for a hearing on the amount still due and owing, and for entry of a money judgment in the plaintiff's favor for any amount which remains unpaid.

We have examined the plaintiff former wife's remaining contentions and find them to be without merit. Thompson, J. P., Bracken, Balletta and Joy, JJ., concur.