■ In the Matter of SILVIA Z. VILLOTA, Respondent, v JAN

ZELENAK, Appellant. [610 NYS2d 91] —In a proceeding pursuant to Family Court Act article 4, *inter alia,* to enforce a prior child support order, the father appeals from an order of the Family Court, Queens County (Ambrosio, J.), entered November 4, 1991, which denied his objections to an order of the same court (Gartner, H.E.), dated June 24, 1991, which after a hearing, directed him to pay $65 per week in child support and $60 per week for arrears in child support, and increased his payment for arrears to $150 per week.

Ordered that the order is affirmed, without costs or disbursements.

We find no merit to the appellant's contention that his daughter "abandoned" the parental relationship and therefore forfeited her right to support. Given the choice, the child had apparently chosen not to visit with her father. The Hearing Examiner found that the child's animosity resulted from her father's lack of concern. Great deference should be given to the decision of the Hearing Examiner, who is in the best position to assess the credibility of the witnesses and the evidence proffered *(see, Matter of McCarthy v Braiman,* 125 AD2d 572).

We also find the Family Court did not improvidently exercise its discretion in modifying the arrears award. The court has been given the power to modify support *(see,* Family Ct Act § 451). The court must determine the proper amount of support, not by the father's current economic situation, but rather by his ability to provide *(see, Creem v Creem,* 121 AD2d 676; *Matter of Chenango County Support Collection Unit v De Brie,* 100 AD2d 687). A person's salaried employment and real estate holdings are prima facie proof of the ability to pay arrears *(see, Badenhop v Badenhop,* 84 AD2d 773). Here, the record indicated that the appellant received rental income from businesses in which he was a partner. It is clear that the appellant had the ability to pay the arrears. Ritter, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.