■ JILL C. NICHOLAS, Respondent, v STEPHEN CIRELLI, Appellant. [619 NYS2d 171] —Yesawich Jr., J. Appeal from an order of the Family Court of Warren County (Austin, J.), entered October 8, 1993, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to, *inter alia,* modify a prior order of child support.

Petitioner, the parent with whom the parties' son, Aaron (born in 1979), resides, was granted an upward modification in child support to $262 per week and respondent appeals. We reject respondent's contention that petitioner failed to prove entitlement to increased child support over and above the $100 per week in unallocated child support and maintenance reflected in a 1986 Family Court order, entered on consent, and incorporated but not merged into the parties' 1988 divorce decree. Petitioner has established that even with the assistance furnished by her present husband, her mother, loans and the child support received from respondent, petitioner, who has no income, is not employed outside the home and is the mother of four children now ranging from 2 to 14 years in age, is unable to adequately provide for Aaron's increased needs *(see, Matter of Michaels v Michaels,* 56 NY2d 924, 926). Petitioner's testimonial evidence of Aaron's increased needs, occasioned by his school and social activities, food and clothing, were credited by the Hearing Examiner and Family Court and no satisfactory reason for departing from their findings in this regard has been advanced *(see, Matter of Dinkins v Mabry,* 194 AD2d 787, 788). In view of the substantial enhancement of respondent's financial circumstances—he was a medical student and had no earnings when the separation agreement was executed, and an intern in 1988—an increase in support was undoubtedly in Aaron's best interest and was therefore warranted *(see, Matter of Bobik v Bobik,* 122 AD2d 397).

Nor do we find merit in respondent's contention that the Child Support Standards Act (hereinafter CSSA) *(see,* Family Ct Act § 413) is inapplicable because joint custody is provided for in the separation agreement. The record evidence is that petitioner has been the primary caretaker and de facto custo-

dian of Aaron. As this is not a situation of actual shared or split physical custody of a child, the CSSA is clearly applicable (cf., Matter of Holmes v Holmes, 184 AD2d 185). Neither is there substance to respondent's complaint that the award made is excessive. While respondent, a physician, earns in excess of $110,000 per year, the Hearing Examiner applied the CSSA to only the first $80,000 of combined parental income (see, Family Ct Act § 413 [1] [c] [2], [3]). Inasmuch as respondent did not present sufficient proof that his pro rata share of Aaron's support (in this instance 100%) was unjust or inappropriate, there was no basis to vary from the presumptively applicable statutory formula (see, Matter of Maddox v Doty, 186 AD2d 135). Respondent's remaining argument that payment of $500 per month on child support arrearages, resulting from the increased support which was awarded as of June 5, 1990, the date the petition for relief was filed, is unreasonable or punitive in nature is also unavailing. Given the amount of the arrearages and respondent's ample means, we find no abuse in this regard.

Cardona, P. J., White and Casey, JJ., concur. Ordered that the order is affirmed, with costs.