■ In the Matter of ARLENE J. PETROSINO, Respondent, v DENNIS J. SHEARER, Appellant. [635 NYS2d 744] —Yesawich Jr., J. Appeal from an order of the Family Court of Schenectady County (Griset, J.), entered April 6, 1994, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to, *inter alia*, modify a prior order of child support.

The parties to this proceeding were divorced in 1978 when respondent was earning less than $25,000 per year. Petitioner was granted custody of their daughter, who was then three years old. The judgment of divorce, which was based upon a stipulation incorporated but not merged into the judgment, directed respondent to pay $50 per week in child support. A later petition for additional support was dismissed without prejudice and a March 1992 order of Family Court directed that respondent continue paying this amount. Thereafter, on April 2, 1993, petitioner again sought an upward modification of the child support order. Petitioner attached affidavits detailing, *inter alia*, the increased financial needs of the parties' now-teenage daughter, and requesting that respondent, whose gross annual income has risen to over $73,000, be directed to pay a greater amount.

Following a hearing, the Hearing Examiner issued a decision establishing respondent's child support obligation at $158 per week, after taking into account the fact that he also has three children to support from his second marriage. Respondent objected, and at Family Court's request the Hearing Examiner submitted supplemental findings of fact and conclusions of law, more clearly specifying the reasons for the increased award of child support. Respondent's further objections were denied and this appeal followed.

We reject respondent's contention that petitioner failed to present sufficient proof to justify the upward modification of his child support obligation, which was based upon an agreement made 15 years before the petition was brought and provided for a comparatively low level of support (*see, Matter of Stimpson v Wise*, 197 AD2d 762, 763). "[A]n upward modification may, in an appropriate instance, be based upon an increase in the child's needs, or an increased cost of living" (*supra*, at 763), if those factors result in the custodial parent becoming unable to meet the child's needs (*see, Matter of Brescia v Fitts*, 56 NY2d 132, 141; *Matter of Bobik v Bobik*, 122 AD2d 397).

Here, petitioner demonstrated that the relevant circumstances, including the parties' respective incomes, family situations, and the requirements and expenses of the parties' daughter, had changed substantially in the years since their initial agreement, rendering its provisions inadequate. The record—which includes detailed affidavits itemizing the changes in the child's expenses over time, and outlining petitioner's income and expenses—amply supports the Hearing Examiner's explicit finding that petitioner was unable to meet her daughter's needs without an increase (*compare, Matter of Tribley v Tribley*, 178 AD2d 819, 820), as well as the court's implicit rejection of respondent's argument that petitioner's difficulty in this regard was caused by her unreasonable purchase of a new home. Notably, the home, in which petitioner lives with her new husband and three children, also contains two rental apartments, the income from which was included when calculating petitioner's earning potential. In sum, the record reveals that all appropriate factors were explored and considered, and we find no basis for disturbing Family Court's determination (*see, Matter of Nankervis v Nankervis*, 174 AD2d 674; *Matter of Allen v Allen*, 145 AD2d 868, 869).

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Ordered that the order is affirmed, without costs.