■ In the Matter of SUSAN M. HUGHES, Respondent, v LAWRENCE WASIK, Appellant. [637 NYS2d 556] —Order unanimously affirmed with costs. Memorandum: Respondent father appeals from an order of Family Court granting the application of petitioner mother for upward modification of child support from $60 per week, as established by the parties' 1979 separation agreement, to $178.93 pursuant to the Child Support Standards Act (CSSA). Respondent contends that the court erred in making a finding of fact contrary to an apparent finding of the Hearing Examiner and in increasing child support.

We conclude that the court properly made its own findings of fact pursuant to its authority to review the order of the Hearing Examiner *(see,* Family Ct Act § 439 [e] [ii]). We also conclude that Family Court properly found a basis for upward modification of child support based on the insufficiency of the prior support arrangement to meet the needs of the children *(see, Matter of Brescia v Fitts,* 56 NY2d 132; *Matter of Barnes v Barnes,* 186 AD2d 1042; *Matter of Sutton v Sutton,* 178 AD2d 980, 981). Petitioner demonstrated that the death of her

husband, who had been helping to support respondent's children, and the increase in the food, clothing, medical, transportation, and educational needs of the children, have rendered her unable to meet the expenses of the household. Petitioner demonstrated modest needs of approximately $2,600 per month, and income, including Social Security survivors' benefits and imputed income from investment of life insurance proceeds, totaling only about $2,000 per month. The deficit has forced petitioner to borrow to pay for funeral and living expenses since her husband's death *(see, Matter of Clate v Clate,* 199 AD2d 1064, *lv denied* 83 NY2d 756). Based on the proof of unmet needs, a de novo determination of respondent's child support obligation, in accordance with the CSSA, was warranted *(see,* Family Ct Act § 413 [1] *[l]; Matter of Tapp v Tapp,* 202 AD2d 679). (Appeal from Order of Chautauqua County Family Court, Hartley, J.—Modify Support.) Present—Denman, P. J., Lawton, Doerr, Balio and Boehm, JJ.