■ In the Matter of MARCIA L. RAYMOND, Respondent, v STEVEN L. PIETRO, Appellant. [643 NYS2d 729] —Yesawich Jr., J.

In 1987, in the course of their divorce action, the parties entered into a stipulation which, among other things, provided that respondent would pay petitioner—who was to have primary physical custody of their only child, Brett (then four years old)—$45 per week as child support. This stipulation was not merged into the ensuing judgment of divorce but survived as an independent agreement.

In 1994, petitioner brought the instant application seeking an upward modification of respondent's child support obligation, claiming that the stipulated amount was unfair and inequitable when agreed to and inadequate to meet the child's needs. A hearing was had, after which Family Court ultimately upheld the Hearing Examiner's decision granting the petition and awarding support in accordance with the provisions of the Child Support Standards Act. Respondent appeals.

We affirm. The evidence presented at the hearing amply supports the Hearing Examiner's finding that petitioner's current income from all sources, including child support, is insufficient to meet Brett's needs (see, Matter of Brescia v Fitts, 56 NY2d 132, 140; Nicholas v Cirelli, 209 AD2d 840). Petitioner's financial disclosure form indicates that her monthly household expenses exceed $2,000 while her available income, including her wages, the child support she receives from the father of her other child (the sufficiency of which has not been questioned) and that paid by respondent, totals less than $1,900. Petitioner testified that she has been making up the shortfall by using her credit cards, a solution that is obviously unacceptable in the long term. Significantly, respondent did not dispute any of petitioner's claimed expenses, but merely pointed out that he has made some minor contributions to the cost of Brett's after-school care and sports programs, assertions with which petitioner does not take issue.

Given the substantial increase in respondent's income since the parties' divorce, the changing nature and magnitude of Brett's needs, and petitioner's inability to meet those needs despite her efforts to minimize other expenditures (as, for example, by borrowing heavily to purchase a small house, for which the monthly payments are less than would be the cost to rent comparable accommodations), Family Court did not abuse its discretion by finding that circumstances had changed sufficiently to warrant increasing respondent's child support obligation beyond the level established by the parties' agreement (see, Matter of Brescia v Fitts, supra, at 140-141; Matter of Britt v Globerson, 115 AD2d 932).

Cardona, P. J., Mikoll, Crew III and Casey, JJ., concur. Ordered that the order is affirmed, without costs.