■ In the Matter of ROBERTA NEIL, Respondent, v JOSEPH NEIL, Appellant. [648 NYS2d 740] —Carpinello, J. Appeal from an order of the Family Court of Schenectady County (Griset, J.), entered May 10, 1995, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, for an upward modification of respondent's child support obligations.

Petitioner and respondent were married in 1977 and had one child, Joseph, born in 1983. In 1987, the parties signed a separation agreement which was incorporated by reference but not merged into a judgment of divorce. The agreement provided that the parties would share joint custody of the child, with primary physical custody to petitioner, and that respondent would pay child support in the amount of $50 per week.

In May 1994, petitioner commenced the instant proceeding for upward modification of respondent's child support obligation. Respondent moved to dismiss and cross-petitioned for downward modification and to compel petitioner to provide health insurance for the child, as she was entitled to coverage for the child at no charge through her employer. The Hearing Examiner denied respondent's motion to dismiss. Following a hearing, the Hearing Examiner determined that petitioner's income, when combined with the support payments received from respondent, was insufficient to meet her reasonable living expenses and that the right of the child to receive adequate support was therefore implicated. The Hearing Examiner applied the Child Support Standards Act (hereinafter CSSA) and increased respondent's child support obligation to $98 per week. The Hearing Examiner also granted respondent's cross petition to the extent of directing that petitioner provide health insurance coverage for the child. Respondent filed written objections to the Hearing Examiner's decision, which objections were denied by Family Court. Respondent appeals.

Respondent's argument that Family Court lacked jurisdiction to entertain this proceeding is without merit. Where, as here, there is a Supreme Court judgment providing for child support and Supreme Court has not retained exclusive jurisdiction to enforce or modify the judgment, Family Court may entertain a proceeding to enforce or modify it (Family Ct Act § 461 [b]; *see, Matter of Brescia v Fitts*, 56 NY2d 132, 139-140; *Matter of Weber v Weber*, 172 AD2d 901).

Respondent also argues that petitioner failed to demonstrate an unanticipated or unreasonable change in circumstances as

would warrant an upward modification of respondent's support obligations. However, where the evidence before the court demonstrates that the needs of the child are not being adequately met, it is not necessary to demonstrate an unanticipated and unreasonable change in circumstances to justify an increase (*see, Matter of Michaels v Michaels*, 56 NY2d 924, 926; *Matter of Brescia v Fitts, supra*, at 138-140; *Matter of Dinkins v Mabry*, 194 AD2d 787, 788).

In this case, the record reveals that in addition to the $50 per week paid by respondent in child support, petitioner's monthly income, calculated on the basis of a four-week month, is $896.84, while her monthly expenses total more than $1,400. She also testified that the child's needs have increased as he has grown older, and that groceries and other items are consequently more expensive. She stated that her parents hold a $48,000 mortgage on her home, but that she has been unable to keep her mortgage payments current. She has applied for food stamps and for Niagara Mohawk Power Corporation's Home Energy Assistance Program. Despite the fact that petitioner apparently has the sum of $6,000 in an Individual Retirement Account, resulting in the denial of her food stamp application, we nonetheless conclude that petitioner has met her burden of demonstrating that her income and the original child support award are no longer adequate to support the child (*see, e.g., Nicholas v Cirelli*, 209 AD2d 840; *Matter of Clate v Clate*, 199 AD2d 1064, *lv denied* 83 NY2d 756; *Matter of Dinkins v Mabry, supra*, at 788). There is no record support for respondent's claim that physical custody of the child is shared equally by both parties.

Once the Hearing Examiner determined that a modification was appropriate, she was required to apply the CSSA to determine respondent's child support obligations (*see, e.g., Matter of Clate v Clate, supra*, at 1065; *Matter of Dinkins v Mabry, supra*, at 789). Respondent has failed to present proof that his pro rata share of the basic child support obligation is either unjust or inappropriate (*see*, Family Ct Act § 413 [1] [f]; *see also, Matter of Dinkins v Mabry, supra*, at 789).

Family Court properly denied respondent's cross petition for downward modification in light of the record evidence that respondent's income had not changed substantially since the separation agreement was signed. Respondent testified at the hearing that he was earning approximately $30,000 per year as a police officer when the agreement was signed. He retired from the police force because of injury. His statement of net worth shows that he is presently earning $584.22 per week, or $30,379.44 per year, the bulk of which is nontaxable.

We have considered respondent's remaining arguments and we find them to be without merit.

Mikoll, J. P., Mercure, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.