■ In the Matter of Susan Casolo, Respondent, v Mark Casolo, Appellant. (And Another Related Proceeding.) [855 NYS2d 292]—

Mercure, J. Appeals (1) from an order of the Family Court of Albany County (Duggan, J.), entered May 30, 2006, which, among other things, granted petitioner's application, in two proceedings pursuant to Family Ct Act article 4, for modification of a prior child support order, and (2) from an order of said court, entered June 5, 2006, which granted petitioner's application for counsel fees.

The parties were married in 1986 and have two children, born in 1988 and 1990. Pursuant to a settlement agreement that was incorporated but not merged into the parties' 2000 divorce judgment, respondent was to pay monthly child support of $2,768.42 for two years. Thereafter, support payments were to be adjusted every 24 months, with the adjustments to be made in accordance with the Child Support Standards Act (see Family Ct Act § 413), and based upon respondent's income during the prior year. Respondent's child support payments were subsequently reduced twice—in 2002 and 2004, with the reductions totaling $835 per month—based upon letters written by him to the Support Collection Unit, without notice to petitioner.

In July 2005, petitioner commenced the first of these proceedings, seeking increased child support. After respondent moved to dismiss, petitioner filed an amended petition for modification and a petition for enforcement of the support agreement, alleging that respondent had deferred income from one year to the next in order to manipulate his support obligation. Petitioner submitted respondent's W-2 statements showing his income to be $229,639 in 2000, $188,457 in 2001, $314,067 in 2002, $158,579 in 2003, and $470,819 in 2004. Pursuant to the settlement agreement, respondent's child support payments were adjusted based on his income in 2001 and 2003.

Following a hearing, the Support Magistrate dismissed the enforcement petition but concluded that petitioner had demonstrated both a change in circumstances and that the children had unmet needs warranting modification. The Support Magistrate determined that the best representation of respondent's income was the average of his earnings from 1999 to 2004, and set respondent's monthly support obligation at $3,500. Family Court, finding that respondent failed to disclose his income to petitioner as required by the settlement agreement, reinstated the enforcement petition and concluded that respondent owed arrears of $49,138 plus interest. In addition, on the modification petition, the court credited petitioner's testimony that the

children had unmet needs and that respondent had admitted to deliberately reducing his income during the years when support was to be adjusted. The court concluded that respondent's average income was $223,676 and, applying the statutory percentage to 100% of that income, increased the amount of support to $4,660 per month. In a subsequent order, the court directed respondent to pay petitioner $5,760 in counsel fees. Respondent appeals from both orders and we now affirm.*

Pursuant to Family Ct Act § 461 (b), "[m]odification of the child support provisions in an agreement which survives a judgment of divorce may be ordered upon a showing of changed circumstances establishing that the needs of the children are not being adequately met" (*Matter of Plog v Plog*, 258 AD2d 713, 714 [1999]; *see Matter of Brescia v Fitts*, 56 NY2d 132, 139-141 [1982]; *Matter of Neil v Neil*, 232 AD2d 771, 771-772 [1996]; *cf. Matter of Boden v Boden*, 42 NY2d 210, 213 [1977]). Under such circumstances, "[t]he overriding concern focuses on the child (who was not a party to the separation agreement) and 'the needs of a child must take precedence over the terms of the agreement when it appears that the best interests of the child are not being met' " (*Matter of Ianniello v Fox*, 33 AD3d 1094, 1095 [2006], quoting *Matter of Gravlin v Ruppert*, 98 NY2d 1, 5 [2002]). Factors to be considered include "the increased needs of the children due to special circumstances or to the additional activities of growing children, the increased cost of living insofar as it results in greater expenses for the children, . . . a substantial improvement in the financial condition of a parent, and the current and prior life-styles of the children" (*Matter of Brescia v Fitts*, 56 NY2d at 141 [citations omitted]; *see Matter of Plog v Plog*, 258 AD2d at 715; *see also Matter of Kent v Kent*, 29 AD3d 123, 132-133 [2006]).

Here, respondent's sole argument is that Family Court abused its discretion in modifying the parties' child support agreement. In our view, however, petitioner demonstrated that the diminishing child support paid by respondent has given rise to unmet needs. Specifically, petitioner testified that her rent has increased and that she is behind in her payments, and that the children's other expenses—such as car insurance premiums, gasoline, school lunches, uninsured medical expenses, and furniture—have significantly increased while the amount of support has decreased. In light of the inadequacy of support and

---

\* Although respondent appealed from the order awarding fees, he failed to address that order in his brief and, thus, we deem any arguments he might make in that regard to be waived (*see Matter of Alexis BB.*, 285 AD2d 751, 752 [2001]).

respondent's dramatic "drops" in income during the years when his support obligation was to be adjusted, considered together with the significant increases—one exceeding $300,000—during the years when child support was not reevaluated, Family Court properly concluded that modification was warranted here (*see Matter of Kent v Kent*, 29 AD3d at 132-133; *Matter of Neil v Neil*, 232 AD2d at 772; *Matter of Raymond v Pietro*, 228 AD2d 754, 755 [1996]; *Nicholas v Cirelli*, 209 AD2d 840, 840 [1994]).

Cardona, P.J., Spain, Malone Jr. and Stein, JJ., concur. Ordered that the orders are affirmed, without costs.