■ In the Matter of ALEXIS T., Respondent, v VANESSA C.-L., Appellant. [955 NYS2d 325]—

The court properly determined that the child's best interests warranted denial of respondent's motion (*see* Family Ct Act § 532 [a]; *Matter of Shondel J. v Mark D.*, 7 NY3d 320, 326 [2006]; *Matter of L. Pamela P. v Frank S.*, 59 NY2d 1, 5 [1983]). The record shows that respondent has at all times recognized petitioner as the biological father of the child and had sup-

ported and allowed the child to develop a relationship with petitioner. However, a few years after the child's birth, respondent terminated the child's access to petitioner due to concerns about petitioner's lifestyle—concerns that she had ignored up until that point. Based on the foregoing, the court properly determined that dismissal of the paternity proceeding was not in the child's best interests, as it would sever the already developed relationship between the child and petitioner (*cf. Matter of Shondel J.*, 7 NY3d at 328). By contrast, a finding of paternity in favor of petitioner would allow petitioner to reestablish his relationship with, and support of, the child. A finding in favor of petitioner should not affect respondent's husband's relationship with the child, as he would remain free to continue to love and support the child.

The court providently exercised its discretion in denying respondent's application for an adjournment to obtain her husband's testimony (*see Matter of Anthony M.*, 63 NY2d 270, 283 [1984]). Neither the husband's counsel nor respondent's counsel had informed the court that the husband would be unavailable on the last day of the hearing. Nor had respondent's counsel made any efforts to obtain the husband's presence. Moreover, there was no showing that the proposed testimony would be favorable to respondent (*id.* at 284). Indeed, it was a stipulated fact that respondent and her husband were married at the time of the child's birth, and the husband's good relationship with the child, about which he would purportedly have testified, does not change the equities in this case. Concur—Gonzalez, P.J., Sweeny, Richter, Román and Clark, JJ.