■ In the Matter of GEORGETTE D.W., Respondent, v GARY N.R., Appellant. [21 NYS3d 41]—

Order, Family Court, Bronx County (Peter Passidomo, J.), entered on or about July 25, 2014, which denied respondent's objections to an order, same court (Anne Marie Loughlin, S.M.), entered on or about March 21, 2014, denying his motion to dismiss the petition for upward modification of his child support obligation, and directing a de novo hearing on the issue of child support, unanimously modified, on the law, to grant the objection to the extent of deleting the directive that a de novo hearing be held and the matter remanded for a modification hearing, and otherwise affirmed, without costs.

Respondent's objections to the March 21, 2014 order were untimely (Family Ct Act § 439 [e]), and we find that he failed to proffer a reasonable excuse for the delay. Nevertheless, we exercise our discretion to entertain this appeal (*see* Family Ct Act § 1112), since it concerns Family Court's subject matter jurisdiction.

The Support Magistrate stated that she was not "invalidating" the child support provision of the parties' stipulation, which was incorporated but not merged into the judgment of divorce. However, her sua sponte determination that the stipulation's noncompliance with the requirements of the Child Support Standards Act provided a basis for a de novo hearing on child support was tantamount to invalidating the stipulation, which is beyond the power of Family Court (*Matter of Savini v Burgaleta*, 34 AD3d 686 [2d Dept 2006]; *see* Family Ct Act § 461).

Respondent's motion to dismiss the petition for failure to plead facts warranting modification of child support was correctly denied since the petition and supporting affidavit allege that respondent does not meet his support obligations, that the child's expenses have increased, and that there has been a significant increase in respondent's financial resources in the eight years since the parties entered into the stipulation (*see e.g. Matter of Kent v Kent*, 29 AD3d 123, 132-133 [1st Dept 2006]; *Matter of Casolo v Casolo*, 50 AD3d 1196 [3d Dept 2008]; *Ward v Ward*, 79 AD2d 683 [2d Dept 1980], *lv denied* 52 NY2d 705 [1981]). Concur—Mazzarelli, J.P., Moskowitz, Richter and Manzanet-Daniels, JJ.