Matter of Latava P. v Charles W. (2019 NY Slip Op 05624)





Matter of Latava P. v Charles W.


2019 NY Slip Op 05624


Decided on July 11, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2019

Friedman, J.P., Richter, Tom, Oing, Moulton, JJ.


9852

[*1]In re Latava P., Petitioner-Respondent,
v
Charles W., Respondent-Appellant.


Charles A. Williams, Jr., appellant pro se.



Order, Family Court, Bronx County (Peter J. Passidomo, J.), entered on or about January 23, 2018, which denied respondent father's objections to an order of support, same court (Anthony Lopez, Support Magistrate), entered on or about November 17, 2017, which, inter alia, directed him to pay child support, child care expenses, and a portion of the child's unreimbursed medical expenses, and set retroactive child support, unanimously affirmed, without costs.
As Family Court is vested by the State Constitution and the Family Court Act with exclusive original jurisdiction to adjudicate proceedings for paternity and support of a spouse or a child (see NY Const, art VI, § 13[b]; Family Court Act §§ 115[a][ii]; 411; 511), the Support Magistrate properly heard and determined all matters in the proceeding between these unmarried parties, including issuing an order of filiation and a final child support order. The fact that the parties appeared to be embroiled in various legal actions, including a Housing Court case, petitions for custody, and a family offense petition, did not deprive the support magistrate of jurisdiction to hear and determine paternity and ultimately the child support matter (see Family Court Act §§ 439[a], [b]; 532[a]).
Contrary to respondent's arguments, the court providently exercised its discretion in denying his request for an adjournment (see Matter of Alexis T. v Vanessa C.-L., 101 AD3d 436, 437 [1st Dept 2012]). Two earlier requests for adjournment had been granted because of the unavailability of respondent's counsel. The court properly concluded that another continuance would have been prejudicial to the child, who was not receiving support. Moreover, respondent failed to exercise his right to challenge the court's order directing him to submit to a DNA test.
Contrary to his contention, there is nothing in the record that suggests that respondent has been a custodial parent at any time since the commencement of the paternity action and is therefore entitled to receive child support from petitioner mother (see Creem v Creem, 121 AD2d 676 [2d Dept 1986]).
We have considered respondent's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 11, 2019
CLERK